Printed: 06/02/05                Housing Court Western Division
Updated: 06/02/05                     CASE DOCKET                                Page: 01

05-CV-00187                              FILED
ORTIZ - v.- S.H.A.                  IN CLERK'S OFFICE

                                    2005 JUN -7  A 10:05      Next Cal: 06/13/05
                                                             Last Cal: 05/20/05
                                    U.S. DISTRICT COURT      App Date:  /  /
                                    DISTRICT OF MA           Dsp Date: 05/20/05
                                                            Interpreter:

---

| No. | Doc | Date | Description | N | C | T | J | W | HCT |
|-----|-----|------|-------------|---|---|---|---|---|-----|
| 1 | 1 | 05/06/05 | Verified class action complaint for | . | . | . | . | . | jys |
| 2 | 2 | 05/06/05 | declaratory & injunctive relief | . | . | . | . | . | jys |
| 3 | 3 | 05/06/05 | P mtn for preliminary injunction, 05-20- | x | x | . | . | . | jys |
| 4 | 4 | 05/06/05 | memo in support of mtn for p.i. | . | . | . | . | . | jys |
| 5 | 5 | 05/06/05 | Tracking order, track F | . | . | . | . | . | jys |
| 6 | 6 | 05/09/05 | mtn to appoint process server. | x | . | . | . | . | jys |
| 7 | 7 | 05/18/05 | P mtn for certification of class, 6-13- | x | . | . | . | . | jys |
| 8 | 8 | 05/18/05 | memo of law in support of P mtn | x | x | . | . | . | jys |
| 9 | 9 | 05/20/05 | Temporary Agreement in Lieu of P.I. | . | . | . | . | . | jys |
| 10 | 10 | 05/31/05 | Sch case management conference 07-08-05 | x | . | . | . | . | jys |
| 11 | 11 | 05/31/05 | Notice of Removal to US District Court | x | x | . | . | . | dmw |
|    |    |          |                                         | . | . | . | . | . | dmw |



A TRUE COPY

                                     I hereunto set

                                                of
                                    6/2/05

                                Clerk Magistrate -



# SPRINGFIELD HOUSING AUTHORITY

25 SAAB COURT / P.O. BOX 1609
SPRINGFIELD, MASSACHUSETTS 01101-1609
TELEPHONE (413) 785-4500    FAX (413) 785-4516

May 31, 2005

Clerk of Court, Robert Field, Esq., Housing Court, 37 Elm Street, Springfield, MA 01103

RE: RAMONITA ORTIZ, ET AL v. SPRINGFIELD HOUSING AUTHORITY

Civil Action No. 05CV187

Dear Mr. Field,

Enclosed please find a copy of the Notice of Removal filed this day in the United States District Court for the District of Massachusetts, regarding the above matter.

Please provide me with the certified or attested copies of all records and proceeding in the Housing Court, Docket No. 05CV187, including a certified copy of the docket. Pursuant to the Local Rule 81.1 of the United States District Court, it is necessary to have these documents <u>within thirty days</u> of this date, so that we may file them in Federal Court.

Please send these documents to my attention at the above address at your earliest convenience, together with the bill for any copying/certifying costs. Thank you very much for your attention to this request.

Sincerely,

Petra I. Cervoni, Esquire



An Equal Opportunity Employer
Equal Housing Opportunity

I hereby certify that the foregoing document is true and correct copy of the

☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 5/27/05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By: _Mary Finn_
Deputy Clerk

COMMONWEALTH OF MASSACHUSETTS TRIAL COURT
HOUSING COURT WESTERN DIVISION

HAMPDEN, SS

CIVIL ACTION 05 CV 187

RAMONITA ORTIZ and
KRYSTIN PASSARELL, on behalf of
themselves and all others similarly situated,

        Plaintiffs

v.

SPRINGFIELD HOUSING AUTHORITY,

        Defendant

*CA 05-30126-MAP*

        (stamp: U.S. DISTRICT COURT DISTRICT OF MASS 2005 MAY 27 P 3: 21 FILED IN CLERK'S OFFICE)

NOTICE OF REMOVAL

To: Ramonita Ortiz
Krysten Passarell
C/O Verna Cristina Sanchez
Jennifer Derringer
Western Mass Legal Services
127 State St
Springfield, MA 01103

Please take notice that on May 27th, 2005; Springfield Housing Authority defendant in the above-entitled action filed petition of removal copies of which are attached hereto, of the above-entitled action to the United States District Court for the District of Massachusetts Western Division, Springfield, MA. You are also advised that the defendant are filing such notice of removal in the office of the Clerk of the United State District Court for the Divison of Massachusetts Western

Division in Springfield, also filed copies thereof with the Clerk of the Housing Court Western

Division to effect removal pursuant to 28USC Section 1446 (b)

Dated May 27th, 2005

Respectfully submitted by
Petra I. Cervoni
BBO #629278
Springfield Housing Authority
25 Saab Court/P.O. Box 1609
Springfield, MA  01101
(413) 785-4513

---

**Certificate of Service**

The undersigned hereby certifies that a true copy of the within Defendant's Nature of Removal was this day serviced upon the Plaintiff by mailing a copy of same or hand delivery to their attorney's Verna Certina Sanchez, and Jennifer Derringer, Esq. 127 State St., Western Mass Legal Services, Springfield, MA  01103

COMMONWEALTH OF MASSACHUSETTS
HOUSING COURT WESTERN DIVISION

---

RAMONITA ORTIZ

                    Plaintiff

          - v. -                              No. 05-CV-00187

S.H.A.

                    Defendant

---

### NOTICE OF CASE MANAGEMENT CONFERENCE

     All parties or their counsel shall appear at Clerk's Office of
the Housing Court Western Division, at 37 Elm Street, Springfield,
MA 01102 at 09:30 o'clock, Friday, July 08, 2005.

                                   _____
                                   Robert G. Fields
                                   Clerk Magistrate

Date: May 31, 2005

A TRUE COPY
In Witness ... ... ... I hereunto set
my hand and ... ... ... the seal of
the Housing Court for the County of
Hampden to be affixed on 6-2-05

                              Clerk Magistrate

ECMS: SCH-PRETRI

10

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

THE TRIAL COURT
HOUSING COURT DEPARTMENT
HAMPDEN COUNTY DIVISION
NO. 05 CV 00187

RAMONITA ORTIZ and
KRYSTIN PASSARELL, on behalf of
themselves and all others similarly situated,

    Plaintiffs

v.

SPRINGFIELD HOUSING AUTHORITY,

    Defendant

TEMPORARY AGREEMENT
IN LIEU OF
PRELIMINARY INJUNCTION

The parties agree as follows:

1. The defendant will reinstate the Section 8 vouchers of plaintiffs Ramonita Ortiz and Krystin Passarell retroactive to the termination date, February 28, 2005, effective immediately.

2. The defendant will pay the plaintiffs' landlords for past rent owed by the defendant as a result of the termination of the plaintiffs' Section 8 assistance, and will further reimburse the plaintiffs for any monies paid to their landlords in excess of the family's share of the contract rent on or before May 27, 2005.

3. The defendant agrees to provide training to its employees, including supervisors, in the Section 8 office on HUD regulations and policies regarding income verification, and will work with plaintiffs' counsel to devise and deliver such a training on or before July 29, 2005.

4. The defendant agrees to revise its form regarding annual recertification and income verification

to comport with HUD regulations and policies, including but not limited to specifying the manner in which income verification is conducted and what the respective obligations are of the participant and the Springfield Housing Authority in obtaining such verifications. The defendant will work with plaintiffs' counsel to develop and implement such a revised notice on or before July 29, 2005.

Date: _May 20, 2005_

_Jennifer Dieringer_
Western Mass. Legal Services
127 State Street, 4th Flr.
Springfield, MA 01103

_Verna Cristina Sanchez_
Verna Cristina Sanchez
Western Mass. Legal Services
127 State Street, 4th Flr.
Springfield, MA 01103

_Petra Cervoni_
Petra Cervoni, Esq.
Springfield Housing Authority
25 Saab Court, P.O. Box 1609
Springfield, MA 01101-1609

So Ordered: _____
Justice of the Housing Court

A TRUE COPY
I hereunto set
and caused the seal of
Court for the County of
Hampden to be affixed on 6-2-05

# Commonwealth of Massachusetts

HOUSING COURT DEPARTMENT                                    WESTERN DIVISION

CIVIL ACTION No: _____

Ramonita Ortiz and Krystin Passarell , Plaintiff (s)

v.

Springfield Housing Authority , Defendant(s)

## SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:

    You are hereby summoned and required to serve upon Jennifer Dieringer ,
plaintiff's attorney, whose address is WMLS 127 State St. Springfield, MA 01103
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against for the relief demanded in the complaint. You are also required to file your answer to
the complaint in the office of the Clerk of this court at Springfield either before service upon
plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

    WE ALSO NOTIFY YOU that application has been made in said action, as appears in the
complaint, for a preliminary injunction and that a hearing upon such application will be held at the
court house at said Springfield in the ____housing____ session without jury of our said court on
____May 20, 2005____ , at 9:30 o'clock A . M., at which you may appear and show
cause why such application should not be granted.

    WITNESS, William H. Abrashkin, Esquire, at the said Western Division Housing Court sitting
in Springfield, _____ .

_____
                               Clerk

NOTES.
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedures.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
    If separate summons are used for each defendant, each should be addressed to the particular
    Defendant.

cls: 9-13-00



### WESTERN MASS
# LEGAL SERVICES

**127 STATE STREET, 4TH FLOOR**
**SPRINGFIELD MA 01103-1944**
**(413) 781-7814 (Voice & TTY)**
**FAX: (413) 746-3221**

May 16, 2005

Housing Court
Western Division                         Re: Ortiz & Passarell v. SHA
37 Elm Street                            05 CV 00187
Springfield, MA 01103

To Whom It May Concern:

    Enclosed please find for filing Plaintiffs' Motion for Certification of Class and Memorandum of Law, to be heard on Monday, June 13th at 9:00 a.m. or as soon thereafter as counsel may be heard.

                            Sincerely,

                            VERNA CRISTINA SANCHEZ

Cc: SHA

A TRUE COPY
IN WITNESS WHEREOF, I hereunto set
my hand, and have caused the seal of
the Housing Court for the County of
Hampden to be affixed on 6/2/05

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

HOUSING COURT
WESTERN DIVISION
NO. 05 CV 00187

RAMONITA ORTIZ and                          :
KRYSTIN PASSARELL, on behalf of             :
themselves and all others similarly situated, :
                                            :       MOTION FOR CERTIFICATION
              Plaintiffs                    :           OF CLASS
                                            :
v.                                          :
                                            :
SPRINGFIELD HOUSING AUTHORITY, :
                                            :
              Defendant                     :

Now come the plaintiffs in the above-captioned matter, pursuant to Rule 23 of the

Massachusetts Rules of Civil Procedure, and move this court to have this action

maintained as a class action on behalf of themselves and the following class:

> all participants in the Section 8 voucher program
> administered by the SHA who have been required
> since March 9, 2004, are currently being required,
> or in the future will be required to obtain third party
> verification of their income themselves, despite the
> fact that the SHA has made insufficient or no effort
> itself to obtain the third party verification, or has
> pursued third party verification on its own and still
> required participants to obtain their own
> verification.

In support of the Motion, plaintiffs aver that the requirements of Rule 23 are met in that:

(1)     The class is so numerous that joinder of all members is impracticable;

(2)     There are questions of law or fact common to the class;

(3)     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4)     The representative party will fairly and adequately represent the class interests;

(5)     Questions of law and fact common to the class predominate over any questions affecting only individual members; and

(6)     A class action is superior to other methods for the fair and efficient adjudication of the controversy.

In support of this motion, plaintiffs also submit the attached Memorandum of Law in Support of its Motion for Certification of Class.

Wherefore, plaintiffs respectfully request that the foregoing class be certified.

Respectfully Submitted
On behalf of plaintiffs

Date: May 16, 2005

Verna Cristina Sanchez
BBO # 600834

Jennifer Dieringer
BBO # 634987
Western Mass. Legal Services
127 State Street, 4th Flr.
Springfield, MA 01103
(tel) (413) 781-7814
(fax) (413) 746-3221

CERTIFICATE OF SERVICE

I, Verna Cristina Sánchez, hereby certify that the above Motion for Certification

of Class and Memorandum of Law in Support of the Motion were mailed, first

class postage to the Springfield Housing Authority, 25 Saab Court, P.O. Box

1609, Springfield, Massachusetts 01101 on this date.

Dated: May 16, 2005

_____
Verna Cristina Sánchez

NOTICE OF HEARING

Please take notice that the Plaintiffs will bring this Motion on for hearing before

the Housing Court, Western Division, in Springfield, MA, on  Monday, June 13,

2005 at 9:00 a.m. or as soon thereafter as counsel may be heard.

Dated: May 16, 2005

_____
Verna Cristina Sánchez

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

HOUSING COURT
WESTERN DIVISION
NO. 05 CV 00187

RAMONITA ORTIZ and                          :
KRYSTIN PASSARELL, on behalf of             :
themselves and all others similarly situated, :
                                            :        MEMORANDUM OF LAW IN
                                                     SUPPORT OF PLAINTIFFS'
                                                     MOTION FOR CERTIFICATION
            Plaintiffs                      :              OF CLASS
                                            :
v.                                          :
                                            :
SPRINGFIELD HOUSING AUTHORITY, :
                                            :
            Defendant                       :

                                            :

## I. <u>INTRODUCTION</u>

Pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure, the plaintiffs,

Ramonita Ortiz (hereinafter "Ms. Ortiz") and Krystin Passarell (hereinafter "Ms.

Passarell") (or hereinafter "the plaintiffs") have filed a Motion for Certification of Class.

Plaintiffs submit this Memorandum of Law in Support of that Motion. This case involves

a challenge to the legality of the defendant (hereinafter "SHA") SHA's policy and

practice of requiring Section 8 participants to obtain third party verification of income

upon pain of termination from the program. Both plaintiffs here have had their Section 8

subsidies terminated by the

defendant for failure to provide or to timely provide verification of third party income.

Plaintiffs seek certification of the class consisting of:

> all participants in the Section 8 voucher program administered by the SHA who have been required since March 9, 2004, are currently being required, or in the future will be required to obtain third party verification of their income themselves, despite the fact that the SHA has made insufficient or no effort itself to obtain the third party verification, or has pursued third party verification on its own and still required participants to obtain their own verification.

## II. ARGUMENT

Rule 23 (a) of the Massachusetts Rules of Civil Procedure establishes four prerequisites to the maintenance of a class action:

(1)    The class must be so numerous that joinder of all members is impracticable;

(2)    There are questions of law or fact common to the class;

(3)    The claims or defenses of the representative party are typical of the claims or defenses of the class; and

(4)    The representative party will fairly and adequately represent the class interests.

In addition, Rule 23 (b) imposes a further requirement that questions of law or fact predominate over any questions affecting only individual members and that a class action be superior to other methods for the fair and efficient adjudication of the controversy.

The plaintiffs in this case have satisfied each of these class action prerequisites.

A.    <u>The class is so numerous that joinder of the members is impracticable.</u>

In determining whether the numerosity requirement of Rule 23(a)(1) is met in a particular case, the Court must look to all the circumstances of the case to determine whether the number of persons in the class is so large as to make joinder of all the parties impracticable. <u>Hansberry v. Lee</u>, 311 U.S. 32 (1940); <u>Gatling v. Butler</u>, 52 F.R.D. 389 (D. Conn. 1971). The key to fulfillment of Rule 23(a)(1) is impracticability of joinder, not mere numerosity of the class. Thus, the Supreme Judicial Court has looked at whether "a few individuals are fairly representative of the legal and equitable rights of a large number who cannot be <u>readily</u> joined as parties." <u>Spear v. H.V. Green Co.</u>, 246 Mass. 259, 266-67 (1923) (emphasis added). In accordance with this precedent, the Appeals Court has defined "impracticable" as "impracticable, unwise or imprudent rather than impossible or incapable of being performed." <u>Brophy v School Committee of Worcester</u>, 6 Mass. App. Ct. 731, 735 (1978).

Therefore, where the plaintiffs have demonstrated that a class of persons exists, an estimate based on the available evidence of numerical composition of the class will be sufficient for class certification. As the court ruled in <u>Doe v. Charleston Area Medical Center</u>, 529 F.2d 638, 645 (4th Cir. 1975), "[w]here plaintiff has demonstrated that the class of persons he or she wishes to represent exists, that they are not specifically identifiable supports rather than bars the bringing of a class action, because joinder is impracticable." <u>Id.</u> at 645. <u>Accord, Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 131-

32 (1st Cir. 1985) (joinder not practicable where class members are difficult to identify),

cert. denied, 476 U.S. 1172 (1986); Wilcox v. Petit, 117 F.R.D. 314, 317 (D. Me. 1987).

For the period January 1, 2004 through April 30, 2005, there were 2,126 reported

households with Section 8 subsidies administered by the SHA. [1]  In this case, the class

consists of all participants in the Section 8 voucher program administered by the SHA

who have been required since March 9, 2004, are currently being required, or in the

future will be required to obtain third party verification of their income themselves,

despite the fact that the SHA has made insufficient or no effort itself to obtain the third

party verification, or has pursued third party verification on its own and still required

participants to obtain their own verification. The class is therefore both numerous and

impracticable of joinder as required by Rule 23 (a)(1).

> B.    There are questions of law common to the class.

The plaintiffs here challenge the defendant's practice of requiring tenants to

supply third party verification of income for purposes of recertification. Plaintiffs allege

that this practice violates the U.S. Housing Act 42 U.S.C. §§ 1437f(k) and

1437f(o)(5)(B); 24 C.F.R. § 982.516 and HUD policy as set forth in HUD Notice 2004-

01. There is no doubt that these are "common questions" for purposes of Rule 23 (a)(2).

Accord, Baldarassi v. Public Finance Trust, 369 Mass. 33, 39-40 (1975).

> C.    The claims of the representative parties are typical of the claims of each of
> the classes.

The typicality requirement is met if (1) there is no adversity between the

---

[1] See Resident Characteristics Report as of April 30, 2005,
https://pic.hud.gov/pic/RCRPublic/rcrmain.asp

representative and the class members, and (2) the claims stem from a single event or rest upon the same legal theory. Smith and Zobel, 7 M.P.S. Rules Practice § 23.6 (citing Wright & Miller, 7 <u>Federal Practice and Procedure</u> 614 (1972) and <u>Gonzalez v. Cassidy</u>, 474 F.2d 67, 71 n.7 (5th Cir. 1975)). <u>See also</u> <u>Weiss v. York Hospital</u>, 745 F.2d 786, 808, 809 n.36 (3d Cir. 1984) (must be no danger that named plaintiff's "unique circumstances or legal theory will receive inordinate emphasis and that other claims will not be pressed with equal vigor or will go unrepresented").

These standards are met in the instant case. There is no adversity between the representatives and the class members. To the contrary, their interests are united. All will benefit from the requested relief. <u>Kaminski v. Shawmut Credit Union</u>, 416 F. Supp. 1119, 1123 (D. Mass. 1976). Furthermore, as discussed above, the claims of the members of each of the classes rest upon the same legal ground.

 D. <u>The representative party will fairly and adequately protect the interests of the class.</u>

The two criteria for determining whether a named plaintiff will adequately represent the class are whether the named plaintiff shares, without conflict, the interests of the unnamed class members and whether the representative party will vigorously prosecute the rights of the class members through qualified counsel. <u>See</u> <u>Kaminski v. Shawmut Credit Union</u>, 416 F. Supp. 1119, 1123 (D. Mass. 1976); Smith and Zobel, 7 M.P.S. Rules Practice § 23.7. In this case, the interests of the other members of the classes are in no way adverse or antagonistic to the interests of the named plaintiffs. The named plaintiffs are members of the proposed class and they have sought and continue

5

to seek the same result as the other class members: to prohibit the SHA from requiring tenants to supply third party verification of income and terminating tenants for failing to provide or timely provide such third party income verification beginning March 9, 2004 onward. The named plaintiffs' vigorous pursuit of relief will necessarily benefit the class members. Furthermore, the plaintiffs are represented by the Western Massachusetts Legal Services. This organization is experienced in class action litigation and both named attorneys have extensive experience representing persons who have had Section 8 subsidies terminated by the subsidizing agency. The named plaintiffs' attorneys will vigorously prosecute the action on behalf of the named plaintiffs and the classes. See Spence v. Reeder, 382 Mass. 398, 409 (1981). The named plaintiffs are therefore adequate representatives for purposes of Rule 23 (a)(4).

E.     The proposed class satisfies the requirement of Rule 23 (b).

In addition to the requirements of Rule 23 (a), Rule 23 (b) of the Massachusetts Rules of Civil Procedure requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class actions is superior to other available methods for the fair and efficient adjudication of the controversy." Both of these requirements are met here.

First, as discussed above, all of the questions raised by this action are shared by the named plaintiff and the class members. Common questions therefore predominate as required by Rule 23 (b).

Second, a class action is superior to other methods for adjudicating the

6

controversy. In determining the superiority of a class action over other forms of litigation, the court must consider a number of factors, including the desirability of a uniform determination of the common issues; whether the relief sought is solely injunctive; whether the class is party-plaintiff or party-defendant; and the expense to the parties and to the Commonwealth in maintaining individual actions. Smith and Zobel, *7 M.P.S. Rules Practice, § 23.9.

Here, uniform determination of the common issues is highly desirable. At stake is the legality of the SHA's policy and practice of requiring tenants to provide third party verification of income and then terminating the subsidies of those tenants who do not or do not timely provide such third party verification. The relief sought is essentially injunctive: a prospective injunction, declaratory relief, and an injunction ordering restoration of illegally terminated subsidies. The proposed class is a plaintiff class; and there will be obvious expense to class members, the SHA and the court, if the identical issue must be re-litigated in numerous courts across the Commonwealth.

III. CONCLUSION

For all of the foregoing reasons, the plaintiffs respectfully request that the Court order that this action shall be maintained as a class action and that the requested class be certified.

Plaintiffs,
By their attorneys,

Verna Cristina Sánchez
BBO # 600834
Jennifer Dieringer
BBO # 63987
Western Mass. Legal Services
127 State St., 4th Floor
Springfield, MA 01103
(413)781-7814
Fax: (413) 746-3221



# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### HOUSING COURT DEPARTMENT
### WESTERN DIVISION
37 ELM STREET · P.O. BOX 559
SPRINGFIELD, MA 01102-0559
TELEPHONE (413) 748-7838
FAX (413) 732-4607

2005 MAY -9 PM 3: 15

**WILLIAM H. ABRASHKIN**
FIRST JUSTICE

**DINA E. FEIN**
ASSOCIATE JUSTICE

**CURTIS L. SHAIRD**
CLERK MAGISTRATE

**ROBERT G. FIELDS**
FIRST ASSISTANT CLERK MAGISTRATE

**KAREN-ANN HUNTOON**
ASSISTANT CLERK MAGISTRATE

Case No. _05-CV-0187_

_Ramonita Ortiz + Krystin Passarell_ VS. _Springfield Housing Authority_
Plaintiff(s)   ~~Landlord(s)~~                Defendant(s)   ~~Tenant(s)~~

# MOTION TO APPOINT PERSON TO SERVE PROCESS

The [ X ] Plaintiff(s), [   ] Defendant(s), move this Court for an order appointing _Yesenia Gonzalez_ to serve process in this matter. As grounds for this Motion, the [ X ]Plaintiff(s), [   ] Defendant(s) state they cannot afford to pay for the cost of service and _Yesenia Gonzalez_ is an adult citizen of the Commonwealth and is not a party to this action.

Date: _5/9/05_                    Signed: _Jennifer Dineen_

*****************************************************************************************

## APPROVED

_____
William H. Abrashkin, First Justice

_____
Dina E. Fein, Associate Justice

_____
Curtis L. Shaird,
Clerk-Magistrate

_____
Robert G. Fields
First Asst. Clerk-Magistrate

_____
Karen-Ann Huntoon
Asst. Clerk-Magistrate

cls: 5-23-01

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

HAMPDEN, SS.

HOUSING COURT DEPARTMENT
HAMPDEN DIVISION
NO.

RAMONITA ORTIZ and                          :
KRYSTIN PASSARELL, on behalf of             :
themselves and all others similarly situated, :     MEMORANDUM IN SUPPORT OF THE
                                            :       MOTION FOR A PRELIMINARY
            Plaintiffs                      :       INJUNCTION
                                            :
v.                                          :
                                            :
SPRINGFIELD HOUSING AUTHORITY,  :
                                            :
            Defendant                       :

Introduction

     The plaintiffs, Ramonita Ortiz (hereinafter "Ms. Ortiz") and Krystin Passarell (hereinafter "Ms.

Passarell") (or hereinafter "the plaintiffs") have filed a Class Action Complaint for Declaratory and

Injunctive Relief, alleging that the defendant, Springfield Housing Authority (hereinafter "the SHA"), has

violated federal statutes and regulations in its Section 8 income verification practices. These practices,

in turn, result in the SHA's improper termination of families from the Section 8 program based upon its

erroneous conclusion that the families have failed to comply with the program rules. Termination from

the Section 8 program puts families at risk of eviction and homelessness.

     Ms. Ortiz and Ms. Passarell had Section 8 vouchers that were administered by the Springfield

Housing Authority (hereinafter "the SHA"). In direct violation of federal law and regulation, the SHA

required them to obtain third party income verification for annual recertification, rather than the SHA

obtaining, or at least attempting to obtain, this information itself. The SHA then compounded this illegal practice by terminating the plaintiffs' Section 8 benefits, erroneously alleging that the plaintiffs failed to meet their requirements under the Section 8 program. Unless the Court intervenes, both parties will be at immediate risk of eviction and homeless because of the SHA's actions.

The plaintiffs' Motion for a Preliminary Injunction requests that this Court order the SHA to reinstate Ms. Ortiz's and Ms. Passarell's Section 8 vouchers retroactively to February 28, 2005 forthwith.

Facts

A.    Ramonita Ortiz

On or about December 30, 2004, Ms. Ortiz received a notice from the SHA regarding annual recertification/reexamination, which required her to attend a meeting on January 11, 2004 (sic). The letter indicates that Ms. Ortiz is responsible for providing information regarding the name and mailing address of each family member's employer and other income providers, and for providing birthdates and copies of all Social Security cards for all new household members. (A copy of the letter is annexed as Appendix 1)

On January 11, 2005, Ms. Ortiz's partner, Mr. Vazquez, attended the recertification meeting on her behalf, and brought with him Ms. Ortiz's monthly wage records and paystubs from her employment at New England Farmworkers Council, along with a letter of eligibility denial from the Department of Transitional Assistance. He was asked to sign releases of information relative to his income source, and to have Ms. Ortiz do the same. He complied with both requests, signing his immediately, and returning Ms. Ortiz's signed release, dated January 14, 2005, to the SHA on January

2

18, 2005. (Copies of the releases are annexed as Appendix 2, 3, 4 and 5) The SHA informed Mr. Vazquez that it would obtain all information relative to the parties' income using the releases of information.

Just prior to the recertification meeting, Mr. Vazquez was laid off from his employment. He inquired of the SHA at the recertification meeting whether he needed to obtain a letter in this regard from his employer. He was told that that was unnecessary, as the SHA would contact his employer directly. In addition to completing the release form so that the SHA could contact his employer, Mr. Vazquez also furnished his former supervisor's name and phone number. A document in the family's file indicates that the SHA did, in fact, contact Mr. Vazquez's former employer, and that it received information from the employer on January 19, 2005 indicating, *inter alia*, that Mr. Vazquez had been laid off. (A copy of the document is annexed as Appendix 6)

Mr. Vazquez further informed the SHA during the recertification meeting that he had applied for unemployment compensation (hereinafter "UC"), and expected to hear back from the Division of Unemployment Assistance (hereinafter "DUA") in approximately three weeks. The SHA requested he bring that documentation in as soon as he received it, but did not request an additional release of information so that it could obtain that information independently. The DUA mailed Mr. Vasquez's benefit determination on January 25, 2005, and he brought this document to the SHA approximately one week after receiving it. ( A copy of the document is annexed as Appendix 7)

Also on January 11, 2005, Mr. Vazquez acknowledged receipt of a document from the SHA indicating that in order to complete the annual recertification, the family needed to provide to the SHA by January 21, 2005 Ms. Ortiz's wage verification and release of information form and Mr. Vasquez's

3

unemployment documents. (A copy of the document is annexed as Appendix 8) On January 12th, the SHA sent Ms. Ortiz a letter indicating that in order to complete the annual recertification, the couple needed to provide to the SHA by January 20, 2005 a letter from Mr. Vazquez's employer indicating he was laid off, and "any other income verification." No details were given regarding what additional verification was needed. (A copy of the letter is annexed as Appendix 9)

On January 20, 2005, one day before the couple's deadline to provide information as indicated in the SHA letter received by them on January 11th, Ms. Ortiz received a letter from the SHA indicating that she was terminated from the Section 8 program for violating the program obligations by failing to provide required documentation. The letter does not specify which documentation she allegedly failed to provide. (A copy of the letter is annexed as Appendix 10)

After receiving the termination letter, the couple asked for and received an informal hearing, which occurred on March 4, 2005. The SHA claimed it was unable to locate some of the couple's documents, but was not clear about which documents were missing. The couple was told to obtain all of the documents again, which Mr. Vasquez did, and they were hand-delivered to the SHA on March 7, 2005. Those documents included the benefit determination from the DUA, the letter from his employer indicating he was laid off, UC checks from the DUA, Ms. Ortiz's paystubs and a monthly report from her current employment.

On March 9, 2005, the SHA wrote to Ms. Ortiz, informing her that she failed to supply the information requested of her in a timely fashion and that she failed to request the hearing in a timely fashion. The SHA upheld the termination of Ms. Ortiz's Section 8 effective February 28, 2005,

4

rendering her fully responsible for her rent effective March 1, 2005. (A copy of the letter is annexed as Appendix 11)

B.    Krystin Passarell

On December 6, 2004, the SHA sent Ms. Passarell a letter regarding the documentation necessary for her recertification. (A copy of the letter is annexed as Appendix 12). The letter identified two documents the tenant was required to provide by December 20, 2004. The documents checked off as needed were 1) verification of TANF benefits and 2) a notarized letter from Ms. Passarell's father (Pedro Alicea, hereinafter "Mr. Alicea") indicating that he gave her money towards her living expenses.

The SHA was already aware of Mr. Alicea's monthly contributions to Ms. Passarell's household.  There is a notarized letter from Mr. Alicea in their files, dated February 9, 2004, stating that he gave Ms. Passarell $100.00 a month to help with her rent.  Mr. Alicea's letter also listed his cell phone and home phone number, and asked that the SHA contact him with any questions.(A copy of the letter is annexed as Appendix 13)

Sometime in December, 2004, Ms. Passarell met with her Section 8 caseworker to discuss the documentation needed for recertification.  The SHA told her to obtain her TANF benefits information from the DTA office in Boston.. The worker also told her to provide verification from Mr. Alicea regarding his contribution. Her caseworker told her to get all papers in by January, 2005.

On January 13, 2005, the SHA sent Ms. Passarell a letter stating that she was in violation of her obligation to provide required documentation, and that her Section 8 assistance would terminate

5

effective February 28, 2005. The letter also stated that Ms. Passarell had ten days from the date of the letter to request a hearing. (A copy of the letter is annexed as Appendix 14)

Sometime shortly after that ten day period, Ms. Passarell hand delivered a letter to the SHA which (a) requested a hearing regarding the termination of subsidy and (b) explaining why the docume nt regarding income from Mr. Alicea was late. Ms. Passarell does not have a copy of the letter and there is no letter in her Section 8 file. Ms. Passarell did not receive a response to her letter.

On or about February 1, 2005, Ms. Passarell's mother (Jeanette Rosario, hereinafter Ms. Rosario) brought a letter to the SHA regarding Mr. Alicea's monthly contribution to Ms. Passarell's household. Although she does not have a copy of that letter, there is a signed letter, dated April 25, 2005, from Carmen P.Oyala, a notary, affirming that on February 1, 2005, Ms. Rosario brought Ms. Oyala a letter to be notarized and that this letter was a statement of income verification. (A copy of this letter is annexed as Appendix 15) Sometime in February, Ms. Passarell's landlord called her to tell her that the SHA had informed him that, beginning March 1, 2005, they would no longer be paying their share of Ms. Passarell's rent.

On February 18, 2005, Ms. Passarell delivered a second letter to Section 8, which was stamped as received by Section 8 on that date. (A copy of this letter is annexed as Appendix 16) . I n this letter she asked for clarification as to her earlier request for a hearing and reminded Section 8 that her earlier letter had explained why the income documentation was late. On February 23, 2005, the SHA sent Ms. Passarell a letter denying her request for a hearing regarding her termination.

6

Legal Argument

The SHA, by requiring the plaintiffs to obtain income verification without first obtaining, or attempting to obtain third party verification on its own, or requiring the plaintiffs to obtain income verification in addition to itself obtaining income verification, and then subsequently terminating the plaintiffs' Section 8 vouchers for allegedly failing to comply with program regulations that do not exist, is in violation of 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B); 24 C.F.R. § 982.516 and HUD Notice 2004-01. (A copy of the relevant portions of the HUD Notice is annexed as Appendix 17. The complete HUD Notice can be obtained at www.hudclips.org by going to the library and searching Notices, Public and Indian Housing, for Document 04-1) By violating these federal statutes and regulations, the SHA is also in violation of 42 U.S.C. § 1983.

The plaintiffs are entitled to a preliminary injunction based on the standards set forth in *John T. Callahan & Sons v. Malden*, 430 Mass. 124, 130-31 (1999): (1) a probability of success on the merits of the claim; (2) the risk of irreparable harm; (3) that the balance of hardships tips in plaintiffs' favor; and (4) that the public interest will be furthered by the issuance of preliminary relief.

> A. Plaintiffs are likely to prevail on their claims that the SHA's practices regarding income verification and its subsequent termination of their Section 8 assistance is unlawful.

The plaintiffs have a strong likelihood of success on their claims. The plaintiffs claim that the defendant's practice of requiring Section 8 tenants to obtain income verification without first obtaining, or attempting to obtain, or in addition to itself obtaining third party verification is violative of 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B); 24 C.F.R. § 982.516; HUD Notice 2004-01; and 42 U.S.C. § 1983. The

7

plaintiffs further claim that the SHA's subsequent termination of their Section 8 vouchers for allegedly failing to comply with program regulations that do not exist is also unlawful.

A public housing authority's (hereinafter "PHA") general obligation regarding income verification is codified at 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B). The Secretary of Housing and Urban Development is required to establish procedures to assure that income data is complete and accurate (42 U.S.C. § 1437f(k)), and, in turn, each PHA is required to do the same. 42 U.S.C. § 1437f(o)(5)(B)

The Code of Federal Regulations, at 24 C.F.R. § 982.516, provides detail regarding the method by which a PHA is required to verify a family's income. A PHA is responsible for obtaining and documenting third party verification of a family's reported annual income, asset value, expenses related to deductions from annual income, and other factors that affect determination of income or rent in a family's file. If the PHA is unable to obtain this third party verification itself, it must document in a family's file why it was unavailable. 24 C.F.R. § 982.516(a)(2)(i-iv)

HUD Notice 2004-01 (hereinafter "the HUD Notice") provides further detailed guidance with respect to a PHA's responsibility and method for obtaining and documenting third party verification of income. The HUD Notice dictates the verification methods that a PHA must use in determining a tenant's rent, discussed below in descending order of preference. The first and most preferred method is upfront income verification, a method by which income information is obtained through an independent source that maintains income information in computerized form. A PHA may utilize upfront income verification to obtain information about a family's gross wages and salaries, unemployment compensation, welfare benefits and Social Security benefits. It may do so by utilizing consent forms that a family is required to sign for this purpose. HUD Notice 2004-01, Section VII, pages 7-8

8

The second verification method discussed in the HUD Notice is the use of third party verification. There are two levels of third party verification, the preferred method being written third party verification, which requires a PHA to verify income and/or expenses independently by contacting an individual source identified by the tenant. When using this method, a PHA must supply the verification documents to the independent source, and that source must return those documents directly to a PHA. The tenant's only involvement in this process is the furnishing of the sources and the execution of the necessary releases. The second, and less preferred, level of third party verification is oral third party verification, which requires a PHA to contact the income source via telephone or in-person visit. The HUD Notice indicates that this method is used in the event that the income source fails to respond to the written request within a reasonable time frame. There are two tenant-based methods of verification, neither of which may be utilized unless third party verification cannot be obtained. The HUD Notice, like the federal regulations, requires that the PHA document in the tenant file why third party verification was not available if it resorts to either of the tenant-based methods. HUD Notice 2004-01, Section VII, page 9.

The SHA required both plaintiffs to obtain their own income verification, even though, in Ms. Ortiz's case, it had her and her partner complete two releases each so that the verification could be sought independently. The SHA actually made some attempt to obtain independent third party verification on its own, but then required the family to both duplicate its efforts and obtain additional information that the SHA did not make any attempt to obtain. In the case of Ms. Passarell, it appears the SHA had made no effort to obtain independent third party verification on its own.

The SHA's practice of requiring Section 8 tenants to obtain income verification in situations where the SHA has not first attempted to obtain such information itself is a facial violation of the regulations

9

interpreting the statutory requirement that PHA's create and abide by a system of income verification. The SHA's termination of both plaintiffs from the Section 8 program is also unlawful, as it flows from allegations that the plaintiffs failed to comply with program requirements that simply do not exist.

### B. Plaintiffs will suffer irreparable injury in the absence of a preliminary injunction.

Both plaintiffs' Section 8 assistance was terminated effective February 28, 2005, leaving them responsible for the full contract rent. Ms. Ortiz received a notice to quit for non-payment of the SHA's portion of her rent in early April. She borrowed money from family and friends to pay the full contract rent for April, but will neither be able to borrow money for May's rent nor afford it on her own. She anticipates receiving an eviction notice shortly. Ms. Passarell's landlord is requiring her to pay the full contract rent for the month of May, which will be financially impossible as the contract rent is greater than her monthly income, and she is not in a position to borrow money.

Unless the Court enters a preliminary injunction requiring the SHA to reinstate the plaintiffs' Section 8 assistance, the plaintiffs will certainly be evicted for non-payment of rent and will face homelessness.[1]

Homelessness is not the type of injury that may be remedied at a later time. Courts have held that denial of housing assistance to low income tenants causes irreparable harm even where a plaintiff has the prospect of recovering money damages. *See Bolthouse v. Continental Wingate Co., Inc*, 656 F. Supp. 620, 628 (W.D. Mich. 1987) (citing *Bloodworth v. Oxford Village Townhouses*, 377 F. Supp. 709, 719 (N.D. Ga. 1974)); *Keller v. Kate Maremount Foundation*, 365 F. Supp. 798, 803 (N.D. Cal.

---

[1] The parties cannot and should not have to wait for this problem to be resolved through summary process brought by their landlords, which would necessitate adding the SHA as a third party.

10

1972), *aff'd,* 504 F.2d 483 (9th Cir. 1974)). Likewise, termination of a housing subsidy, which will result in eviction and homelessness, is indisputably irreparable harm.

C. The possibility of substantial harm to the SHA if the injunction is granted is slight.

Because this complaint concerns SHA's violation of the very laws and regulations by which they are bound, the Court's requirement that they comply with these regulations by retroactively reinstating the plaintiffs in the Section 8 program imposes no additional burden on the SHA. The regulations and federal law themselves impose the actual burden; the Court's injunction merely prevents the SHA from continuing to shirk its duties under them. Moreover, an injunction simply preserves what, absent the SHA's violation of federal law and regulation, should have been the status quo, that the plaintiffs receive housing assistance by way of Section 8 certificates. By granting the preliminary injunction, the Court will allow the plaintiffs to remain in their homes without fear of eviction pending resolution of the ultimate claim.

In addition, the fiscal needs of governmental entities such as the SHA are comparatively not as great as the tremendous need of participants in low income housing programs. Further, the fiscal burden of housing the plaintiff will not fall on the SHA but on the federal government, which reimburses local housing authorities for subsidies paid on behalf of Section 8 recipients.

D. Granting an injunction will serve the public interest.

An injunction requiring SHA to comply with federal law and regulations in this case serves the public interest. The right to secure safe, sanitary, and decent housing is a nationally recognized goal, as is remedying the acute shortage of decent, safe and sanitary dwellings for low income families. 42 USC §§ 1441 and 1437. The public, as well as the named plaintiffs and all others similarly situated, will be harmed

11

if the SHA is permitted to continue to engage in illegal practices that have the effect of terminating families from the Section 8 program which puts them at risk of eviction and homelessness.

Conclusion

The plaintiffs are qualified low-income persons who are entitled to receive Section 8 benefits. The SHA's termination of their Section 8 benefits is a facial violation of federal law and regulations. A preliminary injunction should issue requiring the SHA to reinstate the plaintiffs' Section 8 assistance retroactive to February 28, 2005.

Dated: May 6, 2005

Respectfully submitted,

Jennifer Dieringer
Western Massachusetts Legal Services
127 State Street
Springfield, MA 01103
Telephone: (413) 781-7814
BBO #634987

Verna Cristina Sanchez
Western Massachusetts Legal Services
127 State Street
Springfield, MA 01103
Telephone: (413) 781-7814
BBO #600834

SPRINGFIELD HOUSING AUTHORITY
67 SANDERSON STREET
SPRINGFIELD, MASSACHUSETTS 01107
TELEPHONE (413) 785-4530


020540
RAMONITA ORTIZ
284 OAKLAND ST 2R#4
SPRINGFIELD, MA 01108
Re:  Reexam month APRIL December 30, 2004


IMPORTANTE TRADUZCA IMMEDIATAMENTE

IT IS VERY IMPORTANT THAT YOU READ AND UNDERSTAND
THE CONTENTS OF THIS LETTER

In order to determine your continued eligibility for Rental
Assistance it is necessary for you to fill out forms and verify
your current family situation.  Enclosed please find a copy of our
continued occupancy form.  PLEASE READ CAREFULLY, FILL IT OUT,
SIGN IT, AND RETURN IT WITH YOU ON JANUARY 11, 2004
BETWEEN 1:00 P.M. AND  3:30 P.M.

If you are unable to attend, please contact our Recertification
Department immediately at 785-4530. Recertification will ONLY
be done by appointment.  NO WALK-INS ACCEPTED.

You are responsible for providing copies of the following
information for all household members: (We will no longer provide
copies for you)

  - Complete name and mailing address of employer and all other
    income providers.

  - Birthdates and copies of Social Security cards for ALL NEW
    household members


If you have any questions regarding what is required when you come
to the office, please don't hesitate to call 785-4530.  Do not
postpone this meeting because you do not have all the information.
We may be able to assist you in getting it.

Your cooperation in this matter will help us to better serve you
under the Rental Assistance Program.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY
RENTAL ASSISTANCE OFFICE

# Authorization for the Release of Information/ Privacy Act Notice

to the U.S. Department of Housing and Urban Development (HUD) and the Housing Agency/Authority (HA)

**U.S. Department of Housing and Urban Development**
Office of Public and Indian Housing

| PHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) | IHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) |
|---|---|
| SPRINGFIELD HOUSING AUTHORITY 25 SAAB COURT P.O. BOX 1609 SPRINGFIELD, MA 01101 | |

**Authority:** Section 904 of the Stewart B. McKinney Homeless Assistance Amendments Act of 1988, as amended by Section 903 of the Housing and Community Development Act of 1992 and Section 3003 of the Omnibus Budget Reconciliation Act of 1993. This law is found at 42 U.S.C. 3544.

This law requires that you sign a consent form authorizing: (1) HUD and the Housing Agency/Authority (HA) to request verification of salary and wages from current or previous employers; (2) HUD and the HA to request wage and unemployment compensation claim information from the state agency responsible for keeping that information; (3) HUD to request certain tax return information from the U.S. Social Security Administration and the U.S. Internal Revenue Service. The law also requires independent verification of income information. Therefore, HUD or the HA may request information from financial institutions to verify your eligibility and level of benefits.

**Purpose:** In signing this consent form, you are authorizing HUD and the above-named HA to request income information from the sources listed on the form. HUD and the HA need this information to verify your household's income, in order to ensure that you are eligible for assisted housing benefits and that these benefits are set at the correct level. HUD and the HA may participate in computer matching programs with these sources in order to verify your eligibility and level of benefits.

**Uses of Information to be Obtained:** HUD is required to protect the income information it obtains in accordance with the Privacy Act of 1974, 5 U.S.C. 552a. HUD may disclose information (other than tax return information) for certain routine uses, such as to other government agencies for law enforcement purposes, to Federal agencies for employment suitability purposes and to HAs for the purpose of determining housing assistance. The HA is also required to protect the income information it obtains in accordance with any applicable State privacy law. HUD and PHA employees may be subject to penalties for unauthorized disclosures or improper uses of the income information that is obtained based on the consent form. **Private owners may not request or receive information authorized by this form.**

**Who Must Sign the Consent Form:** Each member of your household who is 18 years of age or older must sign the consent form. Additional signatures must be obtained from new adult members joining the household or whenever members of the household become 18 years of age.

Persons who apply for or receive assistance under the following programs are required to sign this consent form:

> PHA-owned rental public housing
> Turnkey III Homeownership Opportunities
> Mutual Help Homeownership Opportunity
> Section 23 and 19(c) leased housing
> Section 23 Housing Assistance Payments
> HA-owned rental Indian housing
> Section 8 Rental Certificate
> Section 8 Rental Voucher
> Section 8 Moderate Rehabilitation

**Failure to Sign Consent Form:** Your failure to sign the consent form may result in the denial of eligibility or termination of assisted housing benefits, or both. Denial of eligibility or termination of benefits is subject to the HA's grievance procedures and Section 8 informal hearing procedures.

**Sources of Information To Be Obtained**
State Wage Information Collection Agencies. (This consent is limited to wages and unemployment compensation I have received during period(s) within the last 5 years when I have received assisted housing benefits.)

U.S. Social Security Administration (HUD only) (This consent is limited to the wage and self employment information and payments of retirement income as referenced at Section 6103(1)(7)(A) of the Internal Revenue Code.)

U.S. Internal Revenue Service (HUD only) (This consent is limited to unearned income [i.e., interest and dividends].)

Information may also be obtained directly from: (a) current and former employers concerning salary and wages and (b) financial institutions concerning unearned income (i.e., interest and dividends). I understand that income information obtained from these sources will be used to verify information that I provide in determining eligibility for assisted housing programs and the level of benefits. Therefore, this consent form only authorizes release directly from employers and financial institutions of information regarding any period(s) within the last 5 years when I have received assisted housing benefits.

---

**Consent:** I consent to allow HUD or the HA to request and obtain income information from the sources listed on this form for the purpose of verifying my eligibility and level of benefits under HUD's assisted housing programs. I understand that HAs that receive income information under this consent form cannot use it to deny, reduce or terminate assistance without first independently verifying what the amount was, whether I actually had access to the funds and when the funds were received. In addition, I must be given an opportunity to contest those determinations.

This consent form expires 15 months after signed.

Signatures:

| | | | |
|---|---|---|---|
| _____ Head of Household | _____ Date | _____ Other Family Member over age 18 | _____ Date |
| Social Security Number (if any) of Head of Household | | | |
| _____ *Richard* _____ 1/11/05 Spouse | _____ Date | _____ Other Family Member over age 18 | _____ Date |
| _____ Other Family Member over age 18 | _____ Date | _____ Other Family Member over age 18 | _____ Date |
| _____ Other Family Member over age 18 | _____ Date | _____ Other Family Member over age 18 | _____ Date |

**Privacy Act Notice. Authority:** The Department of Housing and Urban Development (HUD) is authorized to collect this information by the U.S. Housing Act of 1937 (42 U.S.C. 1437 et. seq.), Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d), and by the Fair Housing Act (42U.S.C.3601-19).The Housing and Community Development Act of 1987 (42U.S.C. 3543) requires applicants and participants to submit the Social Security Number of each household member who is six years old or older. **Purpose:** Your income and other information are being collected by HUD to determine your eligibility, the appropriate bedroom size, and the amount your family will pay toward rent and utilities. Other Uses: HUD uses your family income and other information to assist in managing and monitoring HUD-assisted housing programs, to protect the Government's financial interest, and to verify the accuracy of the information you provide. This information may be released to appropriate Federal, State, and local agencies, when relevant, and to civil, criminal, or regulatory investigators and prosecutors. However, the information will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. **Penalty:** You must provide all of the information requested by the HA, including all Social Security Numbers you, and all other household members age six and older, have and use. Giving the Social Security Numbers of all household members six years of age and older is mandatory, and not providing the Social Security Numbers will affect your eligibility. Failure to provide any of the requested information may result in a delay or rejection of your eligibility approval.

**Penalties for Misusing this Consent:**

HUD, the HA and any owner (or any employee of HUD, the HA or the owner) may be subject to penalties for unauthorized disclosures or improper uses of information collected based on the consent form.

Use of the information collected based on the form HUD 9886 is restricted to the purposes cited on the form HUD 9886. Any person who knowingly or willfully requests, obtains or discloses any information under false pretenses concerning an applicant or participant may be subject to a misdemeanor and fined not more than $5,000.

Any applicant or participant affected by negligent disclosure of information may bring civil action for damages, and seek other relief, as may be appropriate, against the officer or employee of HUD, the HA or the owner responsible for the unauthorized disclosure or improper use.

Original is retained by the requesting organization.       ref. Handbooks 7420.7, 7420.8, & 7465.1       form HUD-9886 (05-26-94)

RAO-127-B
1/95

# SPRINGFIELD HOUSING AUTHORITY
# 67 SANDERSON STREET
# SPRINGFIELD, MA 01107
# (413) 785-4521

## GENERAL AUTHORIZATION FOR RELEASE OF INFORMATION

**NAME:** _Ricard Vazquez_

**ADDRESS:** _28-4 Oakland St apt 21R Spld 01108_

I, the above-named individual, have authorization the Springfield Housing Authority to verify the accuracy of the information which I have provided to the Housing Authority, from the following sources:

1. Employers
1. Landlords
2. Personal references
3. Government funding agencies
4. Banks and financial Institutions
5. The Info Center, Inc. Feeding Hills, MA 01030 for Credit Reports (including rental history retail credit history, and arrest and/or conviction records). Their Consumer Phone No. is (413) 562-5650.
6. Massachusetts department of Revenue/Bureau of Special Investigations.
7. CORI
8. Educational Institutions
9. Other
10. Other

I hereby give you my permission to release this information to the Springfield Housing Authority subject to the condition that it be kept confidential. I would appreciate your prompt attention in supplying the information requested on the attached page to the Springfield Housing Authority within five (5) days of receipt of this request.

I understand that a photocopy of this authorization is as valid as the original.

Thank you for your assistance and cooperation in this matter.

_____                    _1/11/05_
(Signature)                                 (Date Signed)

### AUTHORIZATION IS VALID FOR A PERIOD OF ONE YEAR FROM THE
### DATE NOTED ABOVE

RAO-9

# Authorization for the Release of Information/ Privacy Act Notice

## to the U.S. Department of Housing and Urban Development (HUD) and the Housing Agency/Authority (HA)

**U.S. Department of Housing and Urban Development**
Office of Public and Indian Housing

| PHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) | IHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) |
|---|---|
| SPRINGFIELD HOUSING AUTHORITY<br>25 SAAB COURT<br>P.O. BOX 1609<br>SPRINGFIELD, MA 01101 | |

**Authority:** Section 904 of the Stewart B. McKinney Homeless Assistance Amendments Act of 1988, as amended by Section 903 of the Housing and Community Development Act of 1992 and Section 3003 of the Omnibus Budget Reconciliation Act of 1993. This law is found at 42 U.S.C. 3544.

This law requires that you sign a consent form authorizing: (1) HUD and the Housing Agency/Authority (HA) to request verification of salary and wages from current or previous employers; (2) HUD and the HA to request wage and unemployment compensation claim information from the state agency responsible for keeping that information; (3) HUD to request certain tax return information from the U.S. Social Security Administration and the U.S. Internal Revenue Service. The law also requires independent verification of income information. Therefore, HUD or the HA may request information from financial institutions to verify your eligibility and level of benefits.

**Purpose:** In signing this consent form, you are authorizing HUD and the above-named HA to request income information from the sources listed on the form. HUD and the HA need this information to verify your household's income, in order to ensure that you are eligible for assisted housing benefits and that these benefits are set at the correct level. HUD and the HA may participate in computer matching programs with these sources in order to verify your eligibility and level of benefits.

**Uses of Information to be Obtained:** HUD is required to protect the income information it obtains in accordance with the Privacy Act of 1974, 5 U.S.C. 552a. HUD may disclose information (other than tax return information) for certain routine uses, such as to other government agencies for law enforcement purposes, to Federal agencies for employment suitability purposes and to HAs for the purpose of determining housing assistance. The HA is also required to protect the income information it obtains in accordance with any applicable State privacy law. HUD and PHA employees may be subject to penalties for unauthorized disclosures or improper uses of the income information that is obtained based on the consent form. Private owners may not request or receive information authorized by this form.

**Who Must Sign the Consent Form:** Each member of your household who is 18 years of age or older must sign the consent form. Additional signatures must be obtained from new adult members joining the household or whenever members of the household become 18 years of age.

Persons who apply for or receive assistance under the following programs are required to sign this consent form:

> PHA-owned rental public housing
> Turnkey III Homeownership Opportunities
> Mutual Help Homeownership Opportunity
> Section 23 and 19(c) leased housing
> Section 23 Housing Assistance Payments
> HA-owned rental Indian housing
> Section 8 Rental Certificate
> Section 8 Rental Voucher
> Section 8 Moderate Rehabilitation

**Failure to Sign Consent Form:** Your failure to sign the consent form may result in the denial of eligibility or termination of assisted housing benefits, or both. Denial of eligibility or termination of benefits is subject to the HA's grievance procedures and Section 8 informal hearing procedures.

**Sources of Information To Be Obtained**
State Wage Information Collection Agencies. (This consent is limited to wages and unemployment compensation I have received during period(s) within the last 5 years when I have received assisted housing benefits.)

U.S. Social Security Administration (HUD only) (This consent is limited to the wage and self employment information and payments of retirement income as referenced at Section 6103(1)(7)(A) of the Internal Revenue Code.)

U.S. Internal Revenue Service (HUD only) (This consent is limited to unearned income [i.e., interest and dividends].)

Information may also be obtained directly from: (a) current and former employers concerning salary and wages and (b) financial institutions concerning unearned income (i.e., interest and dividends). I understand that income information obtained from these sources will be used to verify information that I provide in determining eligibility for assisted housing programs and the level of benefits. Therefore, this consent form only authorizes release directly from employers and financial institutions of information regarding any period(s) within the last 5 years when I have received assisted housing benefits.

---

Original is retained by the requesting organization.     ref. Handbooks 7420.7, 7420.8, & 7465.1     form HUD-9886 (05-26-94)

...UD or the HA to request and obtain income information from the sources listed on this form for the purpose of verify... ...benefits under HUD's assisted housing programs. I understand that HAs that receive income information under this ...to deny, reduce or terminate assistance without first independently verifying what the amount was, whether I actually had ...when the funds were received. In addition, I must be given an opportunity to contest those determinations.

...pires 15 months after signed.

_monita Ortiz_    _1/14/05_
Household                          Date

_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_
...al Security Number (if any) of Head of Household

| | | |
|---|---|---|
| Spouse | Date | |
| Other Family Member over age 18 | Date | |
| Other Family Member over age 18 | Date | |

Other Family Member over age 18    Date
Other Family Member over age 18    Date
Other Family Member over age 18    Date
Other Family Member over age 18    Date

**Privacy Act Notice. Authority:** The Department of Housing and Urban Development (HUD) is authorized to collect this information by the U.S. Housing Act of 1937 (42 U.S.C. 1437 et. seq.), Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d), and by the Fair Housing Act (42U.S.C.3601-19).The Housing and Community Development Act of 1987 (42U.S.C. 3543) requires applicants and participants to submit the Social Security Number of each household member who is six years old or older. **Purpose:** Your income and other information are being collected by HUD to determine your eligibility, the appropriate bedroom size, and the amount your family will pay toward rent and utilities. Other Uses: HUD uses your family income and other information to assist in managing and monitoring HUD-assisted housing programs, to protect the Government's financial interest, and to verify the accuracy of the information you provide. This information may be released to appropriate Federal, State, and local agencies, when relevant, and to civil, criminal, or regulatory investigators and prosecutors. However, the information will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. **Penalty:** You must provide all of the information requested by the HA, including all Social Security Numbers you, and all other household members age six and older, have and use. Giving the Social Security Numbers of all household members six years of age and older is mandatory, and not providing the Social Security Numbers will affect your eligibility. Failure to provide any of the requested information may result in a delay or rejection of your eligibility approval.



**Penalties for Misusing this Consent:**

HUD, the HA and any owner (or any employee of HUD, the HA or the owner) may be subject to penalties for unauthorized disclosures or improper uses of information collected based on the consent form.

Use of the information collected based on the form HUD 9886 is restricted to the purposes cited on the form HUD 9886. Any person who knowingly or willfully requests, obtains or discloses any information under false pretenses concerning an applicant or participant may be subject to a misdemeanor and fined not more than $5,000.

Any applicant or participant affected by negligent disclosure of information may bring civil action for damages, and seek other relief, as may be appropriate, against the officer or employee of HUD, the HA or the owner responsible for the unauthorized disclosure or improper use.

Original is retained by the requesting organization.    ref. Handbooks 7420.7, 7420.8, & 7465.1    form HUD-9886 (05-26-94)

RAO-127-B
1/95

# SPRINGFIELD HOUSING AUTHORITY
# 67 SANDERSON STREET
# SPRINGFIELD, MA 01107
# (413) 785-4521

## GENERAL AUTHORIZATION FOR RELEASE OF INFORMATION

**NAME:** Ramonita Ortiz

**ADDRESS:** 284 Oakland ST Apt 2R

I, the above-named individual, have authorization the Springfield Housing
Authority to verify the accuracy of the information which I have provided to the Housing
Authority, from the following sources:

1. Employers
1. Landlords
2. Personal references
3. Government funding agencies
4. Banks and financial Institutions
5. The Info Center, Inc. Feeding Hills, MA 01030 for Credit Reports (including rental
   history retail credit history, and arrest and/or conviction records). Their Consumer
   Phone No. is (413) 562-5650.
6. Massachusetts department of Revenue/Bureau of Special Investigations.
7. CORI
8. Educational Institutions
9. Other
10. Other

RECEIVED
JAN 1 8 2005
Springfield Housing Authority
RENTAL ASSISTANCE 1

I hereby give you my permission to release this information to the Springfield Housing
Authority subject to the condition that it be kept confidential. I would appreciate your
prompt attention in supplying the information requested on the attached page to the
Springfield Housing Authority within five (5) days of receipt of this request.

I understand that a photocopy of this authorization is as valid as the original.

Thank you for your assistance and cooperation in this matter.

Ramonita Ortiz                              01-14-05
_____            _____
(Signature)                                      (Date Signed)

AUTHORIZATION IS VALID FOR A PERIOD OF ONE YEAR FROM THE
DATE NOTED ABOVE

RAO-9

GP30594 - Sargis Nunes
Ortiz



# SPRINGFIELD HOUSING AUTHORITY

RENTAL ASSISTANCE OFFICE
67 SANDERSON STREET / P.O. BOX 1609
SPRINGFIELD, MASSACHUSETTS 01101
TELEPHONE (413) 785-4521 FAX (413) 785-4537

EMPLOYER: _Buy West Plastics_              DATE: _1/11/05_

ADDRESS: _380 Union St._ CITY: _W. Spfld_   STATE: _MA_  ZIP _01089_
_ATTN: Roy Bessette_

Your name has been submitted to us as the employer of the above-named person who resides at one of our developments. As required, we have the employee's permission to verify with you information of his/her income. Your cooperation in furnishing the information called for below will be helpful to and appreciated by the Authority in determining his/her eligibility for continued occupancy in accordance with the provision of Chapter 121 B of Section 32 and Federal provisions of 24 CFR Part 5.
**(PLEASE FILL OUT COMPLETELY)**

_____                Very truly yours,
Employee's Authorization

_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_                                   _Audrey Mutchen_
Employee's Social Security Number

.........................................................................................................................................

Employee's Name _____ Richard Vazquez _____ is (not) your employee.

Full Time _✓_  Part Time_____  Present Position _LAID off 12/30/04_

Employed Since _9/30/04_   Gross wages earned last calendar year $ _2,032.05_

Base Hourly Rate _6.75_  Hours per Week _____ Overtime Rate _____ Overtime Hrs./Week _____

Shift Differential _____  Shift Differential Hrs/Week _____

Tips _____

His/her weekly gross wages for the past ten (10) weeks or **most representative** 10 weeks.

| | | | |
|---|---|---|---|
| Week ending _12/31/04_ $ _243.00_ | | Week ending _11/24/04_ $ _153.56_ |
| Week ending _12/24/04_ $ _264.94_ | | Week ending _11/19/04_ $ _214.31_ |
| Week ending _12/17/04_ $ _254.81_ | | Week ending _11/12/04_ $ _268.3_ |
| Week ending _12/10/04_ $ _187.31_ | | Week ending _11/5/04_ $ _244.69_ |
| Week ending _12/3/04_ $ _54.00_ | | Week ending _10/29/04_ $ _268.3_ |

ANTICIPATED changes in the rate of pay over the next 12 months _Laid off._

REMARKS: _____

_Linda M. Kapusta_              _Linda M. Kapusta_              _Office Mgr._
(PRINT NAME)                     (SIGNATURE)                     (TITLE)

_1/14/05_                        _(413) 731 - 8881_             RECEIVED
(DATE)                          (TEL. #)

                                                                JAN 19 2005      RAO -28
                                                                                  12/03

An Equal Opportunity Employer
Equal Housing Opportunity

| 1. Mass. Division of Unemployment Assistance | | |
|---|---|---|
| TEL CLAIMS CTR  P.O. BOX 9694<br>BOSTON         MA 02114<br>Tel: *877-626-6800  Fax: 617-727-7837 | BENEFIT DETERMINATION<br>(PRI)<br>INITIAL    OF<br>1 | D U A  UNEMPLOYMENT ASSISTANCE |

**\*IN AREA CODES 617, 781, 857 AND 339 CALL 617-626-6800.**
**REFER TO THE INSERT "HOW TO READ YOUR BENEFIT DETERMINATION" FOR AN EXPLANATION OF HOW YOUR BENEFITS ARE CALCULATED. CALL THE NUMBER ABOVE WITH QUESTIONS. THIS IS A DETERMINATION OF MONETARY ELIGIBILITY ONLY. IT DOES NOT NECESSARILY ENTITLE YOU TO BENEFITS. YOU HAVE THE RIGHT TO APPEAL THIS DETERMINATION.**

| 4. SSA No.: 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 | 7. Name and Address: | FOR D.U.A. USE ONLY |
|---|---|---|
| 5. Date Mailed: 01-25-05 | RICHARD   VAZQUEZ<br>284 OAKLAND STR 2ND FLR RIGHT<br>SPRINGFIELD    MA 01108-1349 | 00211 |
| 6. Effective Date: 01-02-05 | | |

| 8.<br>Employer<br>Name | 9.<br>Employer<br>Identification<br>Number | 10.<br>Wg.<br>Cd. | 11.<br>Af.<br>Cd. | 12.<br>Sp.<br>Cd. | 13.<br>Latest<br>Separation<br>Date | 14. BASE PERIOD WAGES PAID BY EACH EMPLOYER | | | | | TOTAL BASE PERIOD WAGES PAID BY EMPLOYER |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 01-01-04<br>TO<br>03-31-04 | 04-01-04<br>TO<br>06-30-04 | 07-01-04<br>TO<br>09-30-04 | 10-01-04<br>TO<br>12-31-04 | | |
| BAY WEST<br>NEW ENG. | 80-381590<br>72-410880 | S<br>S | N<br>N | L<br>U | 12-30-04<br>09-25-04 | 0.00<br>0.00 | 0.00<br>0.00 | 0.00<br>1140.75 | 2732.05<br>0.00 | 0.00<br>0.00 | 2732.05<br>1140.75 |
| | | | | | | | | | | 16.<br>TOTAL WAGES | |
| 15.  TOTAL ELIGIBLE WAGES BY QUARTER ➡ | | | | | | 0.00 | 0.00 | 1140.75 | 2732.05 | 0.00 | 3872.80 |

**\* State Law limits potential duration to 26 weeks beginning 03-10-02**

| 17. BENEFIT RATE<br>105.00 | + | 18. DEPENDENCY ALLOWANCE<br>25.00 | - | 19. WEEKLY PENSION DEDUCTION<br>0.00 | = | 20. PAY RATE<br>130.00 |
|---|---|---|---|---|---|---|

| 21.* BENEFIT CREDIT<br>1394 | 22.* POTENTIAL DURATION<br>14.0 | 23. EARNINGS EXCLUSION<br>35.00 | 24. TYPE COMP. FORMULA<br>% | 25. AVERAGE WEEKLY WAGE<br>211.00 |
|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

YOU ARE MONETARILY ELIGIBLE FOR BENEFITS USING YOUR PRIMARY BASE PERIOD.  IF YOU WISH TO PURSUE AN ALTERNATE MONETARY DETERMINATION, AND YOU HAVE NOT PREVIOUSLY DONE SO, YOU MUST MAIL PROOF OF WAGES PAID TO YOU IN YOUR LAG PERIOD TO THE ADDRESS INDICATED IN BOX #1 OF THIS DETERMINATION NOTICE. WAGES PAID TO YOU IN YOUR LAG PERIOD, WHICH IS 01-01-05 TO 01-01-05, MUST EQUAL OR EXCEED   $389 .    PLEASE REFER TO THE ENCLOSED INSERT FOR ADDITIONAL INFORMATION REGARDING YOUR POTENTIAL BASE PERIOD OPTION.

MAR 0 7 2005

| D.U.A. USE ONLY | | | |
|---|---|---|---|
| Office #:<br>05 | Claimant Name, Social Security Number:<br>RICHARD   VAZQUEZ      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 | | Determination Mail Date:<br>01-25-05 |

*Commonwealth of Massachusetts*
Form 1075-8 Rev. 01-21-04



**SPRINGFIELD HOUSING AUTHORITY**
67 SANDERSON STREET
SPRINGFIELD, MASSACHUSETTS 01107
TELEPHONE (413) 785-4521

020:42

RAMONITA ORTIZ
294 OAKLAND ST 2R#4
SPRINGFIELD MA 01108

DEAR CLIENT:

In order to complete your annual recertification you must provide the following documentation on or before <u>JANUARY 21, 2005</u>.

_____ Wage Verification     *Ramonita*       _____ TANF

_____ Social Security                         _____ SSI

_____ Savings/Checking                  _____ Retirement/Pension

_____ Stocks/Bonds                       _____ Release of Information Form    *Ramonita ③*

_____ No Income Statement (Notarized) _____ Other _____

_____ Other *Unemployment (Richard)*       _____ Other _____

Failure to provide this information by the above date may result in the interruption or termination of your rental assistance. This is the only notice you will receive before we take further action.

It is your responsibility to let us know immediately of any problems you are having in providing this information.  Please call the Recertification Department at 785-4530.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY
RENTAL ASSISTANCE OFFICE

I ACKNOWLEDGE RECEIPT OF THIS NOTICE _____

DATE _1/11/05_

RECERT/2

# SPRINGFIELD HOUSING AUTHORITY

**67 SANDERSON STREET**
**SPRINGFIELD, MASSACHUSETTS 01107**
**TELEPHONE (413) 785-4521**

January 12, 2005

20542

RAMONITA ORTIZ
284 OAKLAND ST 2R#4
SPRINGFIELD, MA 01108

DEAR CLIENT:

In order to complete your rent adjustment you must provide the
following documentation on or before _January 30, 2005_.

_____Written Request stating the reason for a change

_✓_Wage verification *Letter from Bay Plastics stating you was laid off.*     _____TANF

_____Social security/SSI     _____Savings/Checking

_____Retirement/Pension     _____Stock/Bonds

_____Release of Information Form     _____Unemployment

_____No Income Statement (Notorized)     _____Military Pay

_____Child Support     _____Adoption/Foster Child Care

_____Training Program Stipend     _✓_Other *Any other income verification*

It is your responsibility to let us know immediately of any pro-
blems you are having in providing this information. Please call
me at _785-4529_ if you need assistance.

You are responsible for making arrangements with your landlord for
your rent until an adjustment is approved.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY

*Maria Carrero*
Program Specialist

INTERIM



# SPRINGFIELD HOUSING AUTHORITY
**67 SANDERSON STREET**
**SPRINGFIELD, MASSACHUSETTS 01107**
**TELEPHONE (413) 785-4521**

JANUARY 20, 2005

Cert 32268
RAMONITA ORTIZ
768 OAKLAND ST 2R#4
SPRINGFIELD MA 01108

### IMPORTANTE TRADUZCA IMMEDIATAMENTE

Dear RAMONITA ORTIZ

You are in violation of your obligation(s) under the Section 8 Program for the following reason(s):

( ) Failure to complete the annual recertification process.

(X) Failure to provide required documentation.

( ) Failure to allow inspection of your unit.

( ) Failure to notify SHA before vacating your unit.

( ) Other_____

_____

As a result, Springfield Housing Authority will terminate your participation in the Section 8 Program effective FEBRUARY 28, 2005 and void all rents and agreements with your landlord after this date will be your responsibility

If you are not in agreement with our decision to terminate your participation you may present your objections by submitting a written request within ten(10) days from the date of this letter A copy of our Hearing Procedure is enclosed for your information.

Please be informed that if you are a person with disabilities you may request reasonable accomodation.

Should you have any other questions please call the recertification department at 785-4530.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY

RECERTIFICATION CLERK

RECERT/3



**SPRINGFIELD HOUSING AUTHORITY**

**RENTAL ASSISTANCE OFFICE**

**67 SANDERSON STREET**

**SPRINGFIELD, MASSACHUSETTS 01107**

**TELEPHONE (413) 785-4521  FAX (413) 785-4537 or 785-4526**

Date: March 9, 2005

Ramonita Ortiz
284 Oakland St. 2R #4
Springfield, Ma. 01108

CERTIFIED MAIL: 7037

Dear Ms. Ortiz:

I am writing to you in regard to the informal hearing that was held by me on March 4, 2005.

After careful consideration, and reviewing all of the facts, you did not supply the information requested of you timely, and you also did not request the hearing timely. Based on everything I reviewed, I have made a determination to uphold the termination effective February 28, 2005.

Therefore effective March 1, 2005 you are responsible for the entire rent. You may apply for Section 8 and be placed on the waiting list. You can pick up an application at 35 Saab Court, Springfield, Mass. 01101.

Very truly yours,

Cheryl LaPan
Cheryl LaPan,
Admissions Supervisor

An Equal Opportunity Employer
Equal Housing Opportunity



033930

# SPRINGFIELD HOUSING AUTHORITY

67 SANDERSON STREET
SPRINGFIELD, MASSACHUSETTS 01107
TELEPHONE (413) 785-4521

DECEMBER 6, 2004

KRYSTIN J PASARELL
48 MARYLAND ST
SPRINGFIELD, MA 01108

DEAR CLIENT:

In order to complete your annual recertification you must provide
the following documentation on or before DECEMBER 20, 2004.

_____Wage verification              __✓__TANF

_____Social Security                _____SSI

_____Savings/Checking               _____Retirement/Pension

_____Stocks/Bonds                   _____Release of Information Form

_____No Income Statement (Notarized)_____Other _____

_____Other *notarized letter from*   _____Other _____
*Dad. receiving Money from him*

Failure to provide this information by the above date may result
in the interruption or termination of your rental assistance. This
is the only notice you will receive before we take further action.

It is your responsibility to let us know immediately of any pro-
blems you are having in providing this information.  Please call
the Recertification Department at 785-4530.


Very truly yours,
SPRINGFIELD HOUSING AUTHORITY
RENTAL ASSISTANCE OFFICE


I ACKNOWLEDGE RECEIPT OF THIS NOTICE  *Krystin Pasarell*

                          DATE  *12-15-04*


                                          RECERT/2

2-9-2004

To Whom It May Concern:

This letter is to inform you that I Pedro Alicea as Krystin Pasarell father will help her by giving her the amount of $100.00 monthly for her rent. If any question about this matter please contact me at, (413)433-2888 (cell), or (413)7367459 (home).

Sincerly,
Pedro Alicea

*Pedro Alicea* (signature)

2/10/04

*Margaret* (signature)

Margaret J. DeLiefde
Notary Public
My commission expires September 11, 2009



**SPRINGFIELD HOUSING AUTHORITY**
67 SANDERSON STREET
SPRINGFIELD, MASSACHUSETTS 01107
TELEPHONE (413) 785-4521

JANUARY 13, 2005

033930
CErt. H 2872
KRYSTIN J PASARELL
48 MARYLAND ST
SPRINGFIELD, MA 01108

IMPORTANTE TRADUZCA IMMEDIATAMENTE

Dear KRYSTIN J PASARELL

You are in violation of your obligation(s) under the Section 8
Program for the following reason(s):

( ) Failure to complete the annual recertification process.

(X) Failure to provide required documentation.

( ) Failure to allow inspection of your unit.

( ) Failure to notify SHA before vacating your unit.

( ) Other_____

_____

As a result, Springfield Housing Authority will terminate your
participation in the Section 8 Program effective FEBRUARY 28, 2005
Any and all rents and agreements with your landlord after this
date will be your responsibility.

If you are not in agreement with our decision to terminate your
participation you may present your objections by submitting a
written request within ten(10) days from the date of this letter
A copy of our Hearing Procedure is enclosed for your information.

Please be informed that if you are a person with disabilities you
may request reasonable accomodation.

Should you have any other questions please call the recertifi-
cation department at 785-4530.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY

RECERTIFICATION CLERK

RECERT/3

April 25, 05

To whom it may concern;

I Carmen P. Oyola, Public Notary states that Jenette Rosario. And Krystin Pasarell came to Notorized on Feb, 2005 for a statement of income verification —

Thank you,

Carmen P. Oyola

4135351
14:34 FAX  413 748 3221        MA JUSTICE PROJECT
W MASS LEGAL SERVICES    + MA   JUSTICE PRO    PAGE 09/1
                                                 ☎(02'004

To whom it may concern,                    2-18-05

My name is Kristin Pasanell
I am writting this letter
because I requeste a hiving
2 weeks ago because My
landlord had told me that
section 8 had call him to let
him know that the check that
he will receive on Feb. is
goin to be the last. They
also told him that the reason
was because I brong some
paper late. I wrote a
letter saying why I brong
the paper late. I will like
to know where I stand

                    Sincerly,
                    Kristin

RECEIVED         Question please call
FEB 1 8 2005     out 781-4093.
Springfield Housing Authority
RENTAL ASSISTANCE

Lt's name Eric
        594-7722
            or
        594-7711



**U.S. Department of Housing and Urban Development**

**Public and Indian Housing**

| | |
|---|---|
| **Special Attention of:** | **Notice PIH 2004-01 (HA)** |
| Public Housing Agency Directors; Section 8 and Public Housing Administrators; Public Housing Hub Office Directors; Public Housing Field Office Directors; Program Center Coordinators; Section 8 Financial Management Center; Resident Management Corporations; Resident Councils | Issued:  March 9, 2004 <br><br> Expires:  March 31, 2005 <br><br> Cross References: |

**Subject:  Verification Guidance**

| | |
|---|---|
| **Purpose:** | This Notice provides instructions on the HUD-established verification policies as provided in the attached Verification Guidance. Administrators of Public Housing and Section 8 programs are required to implement procedures to ensure compliance with these verification policies during mandatory interim and reexaminations of family income under existing regulations. The implementation of these verification policies will assist in the reduction of income and rent errors within Public Housing and Section 8 programs. |
| **Applicability:** | This notice applies to all PIH rental assistance programs, including: Public Housing, Section 8 Moderate Rehabilitation, Housing Choice Voucher and Section 8 Project-Based Certificate Programs. |

**For inquiries about this Notice Contact:**  Nicole Lawyer of the Management and Occupancy Division at (202) 708-0744 or your local HUD Field Office.

**Paperwork Reduction.**  The information collection requirements contained in this guidance have been approved by the Office of Management and Budget (OMB under the Paperwork Reduction Act of 1995 (44 U.S.C. 3520) and assigned OMB control number(s) 2577-0220. In accordance with the Paperwork Reduction Act, HUD may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection displays a currently valid OMB control number.

_____/s/_____

Michael Liu, Assistant Secretary
for Public and Indian Housing

Attachment

PE:Distribution:  W-3-1, R-3-1 (PIH), R-6, R-7, 138-2, RMC-2



U.S. Department of Housing and Urban Development
Office of Public and Indian Housing

# VERIFICATION GUIDANCE

FOR THE PUBLIC HOUSING & HOUSING CHOICE VOUCHER PROGRAMS

## TO BE USED BY

HUD PUBLIC HOUSING FIELD OFFICES & PUBLIC HOUSING AGENCIES

March 2004    Deleted: December 2003

**Verification Guidance**
**Table of Contents**

|       |                                                                          | **Page** |
|-------|--------------------------------------------------------------------------|----------|
| I.    | Introduction                                                             | 3        |
| II.   | Income and Rent Determination Policies                                   | 3        |
| III.  | File Documentation                                                       | 4        |
| IV.   | Verification of Social Security Numbers                                  | 5        |
| V.    | Required Consent by Applicants and Participants                          | 5        |
| VI.   | Requirement for Third Party Verification                                 | 6        |
| VII.  | Verification of Income                                                   | 7        |
| VIII. | Levels of Verification Methods                                           | 11       |
| IX.   | Exceptions to Third Party Verification Requirements                      | 15       |
| X.    | Verification of Mandatory Deductions                                     | 21       |
|       | A.   Dependent Deduction                                                 | 21       |
|       | B.   Disabled Family Deduction                                           | 23       |
|       | C.   Elderly Family Deduction                                            | 24       |
|       | D.   Child Care Expense Deduction                                        | 25       |
|       | E.   Medical Expense Deduction                                           | 27       |
|       | F.   Disability Assistance Expense Deduction                             | 29       |
|       | G.   When a Family is Eligible for Medical and Disability Assistance Expenses | 31   |
|       | H.   Comments of Verification of Medical/Disability Assistance Expenses  | 34       |
| XI.   | Verification References                                                  | 35       |

2

Verification Guidance – March 9, 2004

## I.    INTRODUCTION

The verification process during the time of application, interim reexamination and annual reexamination is a critical task in the administration of the Department of Housing and Urban Development (HUD) assisted housing programs.  This task requires Public Housing Agencies (PHAs) to verify factors that affect the determination of an applicant's/participant's adjusted income.  The verification process also requires the applicant/participant to provide and disclose information that is true and complete, which is necessary in the administration of HUD's assisted housing programs.

Based on results from HUD computer matching and Rental Housing Integrity Improvement Project (RHIIP) initiatives, HUD has determined that a substantial number of participants are not accurately reporting their income.  HUD's Office of Policy Development and Research (PD&R) published a final report in June 2001, on its "Quality Control for Rental Assistance Subsidies Determination."  The study found that 60% of rent calculations had some type of administrative or calculation component error contributing to a subsidy overpayment or underpayment situation.  The study projected, with 95% confidence, that the amount of subsidy overpayments attributed to tenant underreporting of income was $978 million plus or minus $247 million.  This underreporting of income resulted in overpayment of limited government funding, thus not serving as many families in need of housing assistance, as should have been served.

**Deleted:** Approximately $600 t) $9) 0 million of income was not reportd in 2002.

This publication serves as a tool for PHA administrators of Public Housing and tenant-based Section 8 programs to use in the verification process of family income and a supplement to previously published HUD occupancy guidebooks.  The basis of this guidance comes from the regulations found at 24 CFR Parts 5, 903, 960 and 982, applicable to the Public Housing and Housing Choice Voucher Programs.

## II.    INCOME & RENT DETERMINATION POLICIES

All PHAs should have written policies that provide for third party verification of income for families who pay an income-based rent. HUD regulations, 24 CFR Parts 960.259(c) and 982.516(a), require PHAs to obtain and document in the tenant files, independent third party verification (or document the reason why third party verification was not available) of reported family income, the value of assets, expenses related to deductions from income and other factors affecting adjusted income.

In accordance with 24 CFR Part 903.7(d), a PHA's annual plan must include a statement of the PHA's basic discretionary policies that govern rents charged for public housing units, applicable flat rents, and the rental contributions of families receiving tenant-based assistance.

The PHA should provide detailed verification procedures in its written policies so that participants are thoroughly informed of the verification process.  This will clarify the steps to be taken in the independent validation of income and deter falsification of information.  While the high level of details of the verification process is not a mandatory component of the

Verification Guidance – March 9, 2004

Administrative Plan, PHAs are strongly encouraged to demonstrate their ability to effectively manage and account for government funds appropriated for low-income housing programs. A detailed statement of the PHA's rent determination policies, including verification procedures, is an important step towards demonstrating the PHA's ability to establish management controls geared to reducing subsidy overpayment errors.

In addition to inclusion of verification procedures in the PHA's policies, PHAs should ensure that staff interviewers are trained to explain the types of information that the PHA will verify during interviews, and the methods of verification the PHA will use, including upfront income verification (UIV) and computer matching.

**Q:**    What is recommended for inclusion in a PHA's administrative plan or Admissions and Continued Occupancy Policy (ACOP) regarding verification procedures?

**A:**    In light of the regulations at 24 CFR §903.7, §960.259(c)(1) and §982.516(a)(2), the PHA should include its general policy on verification in its administrative plan or ACOP. The policy should also provide information on the following components of rent determination:

- What must be verified.
- The type of verification methods that will be used by the PHA (including computer matching).
- Require all family members 18 years of age or older to sign a consent form to authorize the release of information.
- Applicant's/Tenant's responsibility to provide documents at the request of the PHA.
- Minimum rent.
- Flat rent/income-based rent option. (Note: flat rents apply to public housing units only.)
- Interim reexamination procedures.

## III.    FILE DOCUMENTATION

PHAs must maintain a file for each program applicant/participant. Files may be maintained in paper or electronic format. These files are subject to audit and review by HUD, or Independent Public Accountants (IPAs), or HUD's designee upon proper notification to the PHA. The file should include (but is not limited to): housing application and supporting documents, income executed lease(s), unit inspection reports, verifications, leases, supplements to lease, notices and letters, income and rent determinations and a summary of PHA interactions with the tenant. The PHA must maintain these files in an area that is secure and private. The PHA must also have record retention and destruction policies. See 24 CFR 982.158 for Section 8 requirements.

Formatted

For those PHAs that elect to maintain electronic files, HUD recommends that PHAs keep all documents that are normally required for paper files be included in electronic files, if feasible. This can be accomplished by scanning documents and placed in the electronic file. Lastly,

electronic files should be organized in a logical and consistent manner and e-documents should be properly labeled for easy retrieval and review.

## IV.    VERIFICATION OF SOCIAL SECURITY NUMBERS

24 CFR §5.216 requires applicants and participants to disclose the complete and accurate social security number (SSN) assigned to the applicant/participant and to each member of the applicant's/participant's household, who is at least six years of age **and** to provide documentation to verify each SSN.

In the event an applicant or participant or household member, who is at least six years of age, has not been assigned an SSN, the household member (or guardian if the member is under the age of 18) must execute a certification that states the household member was not issued a social security number.

**Q:**    How do you verify the social security numbers (SSN) of a participant's/applicant's household?

**A:**    The documentation necessary to verify the SSN of an individual, who is required to disclose his/her SSN, is a valid social security card issued by the Social Security Administration, or such other evidence of the SSN as HUD, and where applicable, the Public Housing Agency (PHA) may prescribe in administrative instructions. See 24 CFR §5.216(f).

**Note:**    The PHA may include in its written policies, other documents the PHA may accept in lieu of a social security card. Some examples of other documents (containing the SSN) that PHAs may accept are:

> Deleted: *

- A driver's license.
- Identification card issued by a federal, state, or local agency.
- Identification card issued by a medical insurance company or provider (including Medicare and Medicaid).
- Identification card issued by an employer or trade union.

> Deleted: IRS Form 1099.

- Benefit award letters from government agencies.
- Retirement benefit letter
- Life insurance policies
- Court records (real estate, tax notices, marriage and divorce, judgment, or bankruptcy records).

## V.    REQUIRED CONSENT BY APPLICANTS & PARTICIPANTS

Each member of the family of an assistance applicant or participant, who is at least 18 years of age, and each family head and spouse, regardless of age, shall sign one or more consent forms. See 24 CFR §5.230.

PHAs must ensure that they use appropriate consent forms to obtain specific information. The HUD Form 9886 authorizes HUD and the PHA to obtain third party verification of the following:

- Any income information or materials from State Wage Information Collection Agencies (SWICA).
- Income information obtained from previous and current employers.

The HUD Form 9886 authorizes HUD **only**, to obtain third party verification of the following:

- Income information from the SSA.
- Income return information from the IRS.

The HUD Form 9886 may not be used to obtain any other information. PHAs may generate other types of consent forms to verify items not covered under the HUD Form 9886. Examples are available in the appendix of the Public Housing Occupancy Guidebook.

## VI.    REQUIREMENT FOR THIRD PARTY VERIFICATION

The requirement for third party verification can be found at 24 CFR §960.259(c)(1) and §982.516(a)(2) and states that "The PHA must obtain and document in the family file third party verification of the following factors, or must document in the file why third party verification was not available:

    Deleted:

    (i)    Reported family annual income;
    (ii)   The value of assets;
    (iii)  Expenses related to deductions from annual income; and
    (iv)  Other factors that affect the determination of adjusted income or income-based rent."

The Department has defined third party verification based on verification requirements established by the Inspector General's Office, prior HUD notices and guidebooks,

    Deleted:

References:    PIH Notice 2001-15: Improving Income Integrity in Public and Assisted Housing
            Housing Choice Voucher Program Guidebook (Section 12-4) issued April 2001
            The Tenant Integrity Program Training Guide issued by the Office of the
            Inspector General (Page 51) issued October 1989

**Third party verification** is defined as independent verification of income and/or expenses by contacting the individual income/expense source(s) supplied by the family. The verification documents must be supplied directly to the independent source by the PHA and returned directly to the PHA from the independent source.

6

Verification Guidance – March 9, 2004

The tenant shall not hand carry documents to or from the independent source. The PHA may elect to mail, fax, or e-mail the verification request form to the independent source.

In the event that the independent source does not respond to the PHA's faxed, mailed, or e-mailed request for information, the PHA may pursue oral third party verification.

**Deleted:** *In accordance with 21 CFR §903.7(d), a PHA's annual plan must include a statement of the PHA's basic discretionary policies that govern rents charged for public housing units, applicable flat rents, and the rental contributions of families receiving tenant-based assistance. ¶

## VII.   VERIFICATION OF INCOME

PHAs must put forth a conscientious effort to ensure that they use all available resources, including upfront income verification techniques, to obtain verification of tenant reported (unreported or underreported) income. There is an increased burden on the PHA to verify earned income and social security benefits. While other income components, such as assets are important, earned income and social security benefits are material components of income that have high rates of underreporting and represents a large portion of subsidy payment errors.

**Q:**   How do you verify family reported income?

**A:**   HUD regulations require PHAs to obtain and document third party verification of reported family annual income. However, if third party verification is not available, the PHA must document in the tenant file the reason why third party verification was not available.

Most recently, HUD is strongly encouraging PHAs to use upfront income verification techniques, which is considered a type of third party verification, during required reexaminations (and initial application, if available) of family income. Below is a summary of how to verify family reported income of different types, using different verification methods.

There are several methods available for PHAs to verify and document income and assets. HUD strongly encourages the use of upfront income verification techniques to improve the accuracy and efficiency of the income verification process.    No one verification method is the answer to every possible situation, but studies show that the use of upfront income verification techniques has decreased the number of unreported and under reported income cases.

Below are  verification methods that a PHA may use in determining a family's Total Tenant Payment (TTP).

## A.   Upfront Income Verification:
The verification of income, before or during a family reexamination, through an independent source that systematically and uniformly maintains income information in computerized form for a large number of individuals.

Verification Guidance – March 9, 2004

**Authorization for Use of Upfront Income Verification**

To prevent fraud and abuse in HUD programs, the United States Code (USC) and Code of Federal Regulations (CFR) allow HUD and PHAs to obtain information about applicants and participants to determine their eligibility or level of benefits. Most importantly, the USC authorizes computer-matching agreements of income information. Below is a summary of laws and regulations that govern the use of upfront income verification.

24 CFR §5.234 (Requests for Information from SWICAs and Federal Agencies; Restrictions on Use) indicates that income information will generally be obtained through computer matching agreements between HUD and a SWICA or Federal Agency, or between a PHA and a SWICA.

42 USC 3544(c)(2)(A) (Preventing Fraud and Abuse in Housing and Urban Development Programs) provides the legal basis for preventing fraud and abuse in HUD programs. The law allows HUD to require that applicants and participants sign a consent form to request the following: current or previous wages and salaries from employers, wage information and unemployment compensation from the State agency charged with the administration of the State unemployment law, and income information from the Commissioner of Social Security and the Secretary of the Treasury.

**Types of Income That May be Verified Using Upfront Income Verification (UIV).**

      (1) Gross Wages and Salaries (including overtime pay, commission, fees, tips, bonuses, and other compensation for personal services.)
      (2) Unemployment Compensation
      (3) Welfare Benefits
      (4) Social Security Benefits (including Federal and State benefits, Black Lung benefits, dual benefits.)
          (a) Social Security (SS)
          (b) Supplemental Security Income (SSI)

**Note:** Other income types (i.e., child support, pensions, etc.) should be verified using upfront income verification techniques if the resources are available.

**Available Upfront Income Verification Techniques**

PHAs may obtain upfront income verification through the following methods:

      (1) Computer matching agreements with a federal, state, or local government agency, or a private agency;
      (2) Use of HUD's Tenant Assessment Subsystem (TASS); or
      (3) Submit direct requests for income verifications to a federal, state, or local government agencies or a private agency.

**HUD Systems Available for Upfront Income Verification.**

Use of HUD's Tenant Assessment Sub-System (TASS) and centralized UIV System are acceptable methods for verifying family income. HUD will announce the availability of the UIV System through issuance of a Public Housing Notice (PIH) or other appropriate means in the future.

<u>Note:</u>   The PHA **must** have a valid HUD Form 9886 signed by all household members who are 18 years of age or older in the tenant file.

**Use of Third Party Verification to Supplement Upfront Income Verification.**

Upfront income verification replaces, to a large extent, the more time consuming and less accurate third party verification process of contacting individual employers identified by the family or reviewing outdated income verification documents. However, third party verification may continue to be necessary to complement upfront income verification, for example, when the tenant disputes the data. It should not be considered as an automatic substitute for other third party verification, and may supplement other verification documentation, such as original, current tenant provided documents.

**B.**     <u>Written Third Party Verification:</u>
Independent verification of income and/or expenses by contacting the individual income/expense source(s) supplied by the family. The verification documents must be supplied directly to the independent source by the PHA and be returned directly to the PHA from the independent source.

**C.**     <u>Oral Third Party Verification:</u>
Independent verification of income and/or expenses by contacting the individual income/expense source(s) supplied by the family, via telephone or in-person visit. PHA staff should document in the tenant file, the date and time of the telephone call, the name of the person contacted and telephone number, along with the confirmed verified information.

This verification method is commonly used in the event that the independent source does not respond to the PHA's faxed, mailed, or e-mailed request for information in a reasonable time frame, i.e., ten (10) business days.

**D.**     <u>Document Review:</u>
The PHA reviews original documents provided by the tenant in support of their declaration of income during the income reexamination. This verification method can only be used as the sole source of income verification when third party verification cannot be obtained. When the PHA resorts to reviewing tenant-provided documents, the PHA must document in the tenant file why third party verification was not available.

**Acceptable Participant-Provided Documents**

Housing program participants have an obligation to the PHA to provide any letter or
other notice, including any letter or notice from HUD that provides information
concerning the amount or verification of family income, per section 3(f) of the U.S.
Housing Act of 1937, as amended.  In support of the tenant's declaration of income, the
PHA may review original (authentic) documents provided by the participant.  All
documents should be dated **within the last 60 days** of the interview.  The PHA should
make a photocopy of the <u>original</u> document(s) and maintain the copy in the participant
case file.  The PHA should also document in the tenant file, the receipt, copy, and review
of the original (authentic) document.  Below is a summary of some acceptable
participant-provided documents:

- Consecutive and original pay stubs
- Social Security Administration award letter
- Bank statements
- Pension benefit statements
- Temporary Assistance to Needy Families (TANF) award letter
- Other official and authentic documents from a Federal, State, or local
  agency.

E.   <u>Tenant Certification:</u>
     The tenant submits an affidavit or notarized statement of reported income and/or
     expenses.  This verification method should be used as a last resort when all other
     verification methods are not possible.  When the PHA relies on tenant certification, the
     PHA must document in the tenant file why third party verification was not available.

**Deleted:** References:  . PIH Notice
2001-15¶
Housing Choice Voucher Program
Guidebook (Section 12-4) issued April
2001¶
The Tenant Integrity Program Training
Guide issued by the Office of the
Inspector General (Page 51) issued
October 1989¶
¶

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

THE TRIAL COURT
HOUSING COURT DEPARTMENT
HAMPDEN COUNTY DIVISION
NO.

RAMONITA ORTIZ and                              :
KRYSTIN PASSARELL, on behalf of                 :
themselves and all others similarly situated,   :
           Plaintiffs                          :                VERIFIED
                                               :     CLASS ACTION COMPLAINT FOR
v.                                              :       DECLARATORY and INJUNCTIVE
                                               :                 RELIEF
SPRINGFIELD HOUSING AUTHORITY,                  :
           Defendant                           :

Introduction

1.      The Springfield Housing Authority's practice regarding Section 8 income verification violates

        federal statutes and regulations.  The practice, in turn, results in the Springfield Housing

        Authority's improper termination of families from the Section 8 program based upon its

        erroneous conclusion that the families have failed to comply with the program rules.

        Termination from the Section 8 program puts families at risk of eviction and homelessness.

2.      Ramonita Ortiz (hereinafter "Ms. Ortiz"), Krystin Passarell (hereinafter "Ms. Passarell") and

        their families had Section 8 vouchers that were administered by the Springfield Housing

        Authority (hereinafter "the SHA").  In direct violation of federal law and regulation, the SHA

        required them to obtain third party income verification for annual recertification, rather than the

1

SHA obtaining, or at least attempting to obtain, this information itself. The SHA then compounded this illegal practice by terminating the plaintiffs' Section 8 benefits, erroneously alleging that the plaintiffs failed to meet their requirements under the Section 8 program.

3.      Ms. Ortiz and her family are in immediate danger of being evicted from their apartment. After the SHA terminated their participation in the Section 8 program and stopped paying its portion of their rent, the family, by borrowing from family and friends, was barely able to pay April's full contract rent. The family will be completely unable to meet the rent obligation for May, and without this court's intervention, will most certainly face eviction and homelessness as a result.

4.      Ms. Passarell and her young son are also in danger of being evicted from their home. Since the termination of her subsidy, Ms. Passarell has continued to pay her monthly portion of the rent but it is financially impossible for her to pay the full rent as the full contract rent for her apartment is greater than her monthly income. The termination of her subsidy will inevitably lead to her facing eviction and homelessness.

Parties

5.      Plaintiff Ramonita Ortiz is a tenant at 284 Oakland Street, Apt. 2R, Springfield, Massachusetts. She lives in the unit with her partner, Richard Vasquez (hereinafter "Mr. Vazquez"), and their child, Nina Vazquez, both of whom are on the lease. Her participation in the Section 8 program was terminated by the SHA effective February 28, 2005.

6.      Plaintiff Krystin Passarell is a tenant at 48 Maryland Street, Springfield, Massachusetts. She lives in the unit with her three year old son, Alberto Passarell, who is on the lease. Her participation in the Section 8 program was terminated by the SHA effective February 28,

2

2005.

7.      Defendant, Springfield Housing Authority, is a public body corporate and politic established

        pursuant to G.L. c. 121B, § 3.  It does business at 25 Saab Court, P.O. Box 1609,

        Springfield, Massachusetts, and it administers Section 8 vouchers on behalf of HUD.

Jurisdiction

8.      The jurisdiction of this Court is founded upon G.L. c. 185C, §§ 2 and 3 and G.L. c. 231A.

Class Action Allegations

9.      The Plaintiffs bring these claims as a class pursuant to Rule 23 of the Massachusetts Rules of

        Civil Procedure.  The class consists of all participants in the Section 8 voucher program

        administered by the SHA who have been required since March 9, 2004, are currently being

        required, or in the future will be required to obtain third party verification of their income

        themselves, despite the fact that the SHA has made insufficient or no effort itself to obtain

        the third party verification, or has pursued third party verification on its own and still

        required participants to obtain their own verification.

10.     The class is so numerous that joinder of all members is impracticable.

11.     There are questions of law and fact common to the entire class, namely, whether the SHA's

        policy of requiring Section 8 participants to obtain third party verification themselves in all

        instances violates the U.S. Housing Act 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B); 24

        C.F.R. § 982.516 and HUD policy as set forth in HUD Notice 2004-01.

12.     The claims of the named plaintiffs are typical of the claims of the class.

13.     The SHA has acted or refused to act on grounds generally applicable to the class, thereby

3

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

14. The questions of law common to the class predominate over any questions affecting the plaintiffs, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Factual Allegations

A.    The Law

15. A public housing authority's (hereinafter "PHA") general obligation regarding income verification is codified at 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B).  The Secretary of Housing and Urban Development is required to establish procedures to assure that income data is complete and accurate (42 U.S.C. § 1437f(k)), and, in turn, each PHA is required to do the same.  42 U.S.C. § 1437f(o)(5)(B)

16. The Code of Federal Regulations, at 24 C.F.R. § 982.516, provides detail regarding the method by which a PHA is required to verify a family's income.  A PHA is responsible for obtaining and documenting third party verification of a family's reported annual income, asset value, expenses related to deductions from annual income, and other factors that affect determination of income or rent in a family's file.  If the PHA is unable to obtain this third party verification itself, it must document in a family's file why it was unavailable.  24 C.F.R. § 982.516(a)(2)(i-iv)

17. HUD Notice 2004-01 (hereinafter "the HUD Notice") provides further detailed guidance with respect to a PHA's responsibility and method for obtaining and documenting third

4

party verification of income.  The HUD Notice dictates the verification methods that a PHA

must use in determining a tenant's rent, discussed below in descending order of preference.

The first and most preferred method is upfront income verification, a method by which

income information is obtained through an independent source that maintains income

information in computerized form.  A PHA may utilize upfront income verification to obtain

information about a family's gross wages and salaries, unemployment compensation, welfare

benefits and Social Security benefits.  It may do so by utilizing consent forms that a family is

required to sign for this purpose.  HUD Notice 2004-01, Section VII, pages 7-8

18.    The second verification method discussed in the HUD Notice is the use of third party

verification.  There are two levels of third party verification, the preferred method being

written third party verification, which requires a PHA to verify income and/or expenses

independently by contacting an individual source as supplied by the tenant.  When using this

method, a PHA must supply the verification documents to the independent source, and that

source must return those documents directly to a PHA.  The tenant's only involvement in

this process is the furnishing of the sources and the execution of the necessary releases.  The

second, and less preferred, level of third party verification is oral third party verification,

which requires a PHA to contact the income source via telephone or in-person visit.  The

HUD Notice indicates that this method is used in the event that the income source fails to

respond to the written request within a reasonable time frame.  There are two tenant-based

methods of verification, neither of which may be utilized <u>unless</u> third party verification cannot

be obtained.  The HUD Notice, like the federal regulations, requires that a PHA document

5

24.     Also on January 11, 2005, Mr. Vazquez acknowledged receipt of a document from the SHA

indicating that in order to complete the annual recertification, the family needed to provide to

the SHA by January 21, 2005 Ms. Ortiz's wage verification and release of information form

and Mr. Vasquez's unemployment documents. (A copy of the document is annexed as

Appendix 8)

25.     On January 12th, the SHA sent Ms. Ortiz a letter indicating that in order to complete the annual

recertification, the couple needed to provide to the SHA by January 20, 2005 a letter from Mr.

Vazquez's employer indicating he was laid off, and "any other income verification." No details

were given regarding what additional verification was needed. (A copy of the letter is annexed

as Appendix 9)

26.     On January 20, 2005, one day before the couple's deadline to provide information as indicated

in the SHA letter received by them on January 11th, Ms. Ortiz received a letter from the SHA

indicating that she was terminated from the Section 8 program for violating the program

obligations by failing to provide required documentation. The letter does not specify which

documentation she allegedly failed to provide. (A copy of the letter is annexed as Appendix

10)

27.     After receiving the termination letter, the couple asked for and received an informal hearing,

which occurred on March 4, 2005. The SHA claimed it was unable to locate some of the

couple's documents, but was not clear about which documents were missing. The couple was

told to obtain all of the documents again, which Mr. Vasquez did, and they were hand-

delivered to the SHA on March 7, 2005. Those documents included  the benefit determination

8

from the DUA, the letter from his employer indicating he was laid off, UC checks from the DUA, Ms. Ortiz's paystubs and a monthly report from her current employment.

28.     On March 9, 2005, the SHA wrote to Ms. Ortiz, informing her that she failed to supply the information requested of her in a timely fashion and that she failed to request the hearing in a timely fashion. The SHA upheld the termination of Ms. Ortiz's Section 8 effective February 28, 2005, rendering her fully responsible for her rent effective March 1, 2005. (A copy of the letter is annexed as Appendix 11)

C.     Krystin Passarell

29.     On December 6, 2004, the SHA sent Ms. Passarell a letter regarding the documentation necessary for her recertification. (A copy of the letter is annexed as Appendix 12) The letter identified two documents the tenant was required to provide by December 20, 2004. The documents checked off as needed were 1) verification of TANF benefits and 2) a notarized letter from Ms. Passarell's father (Pedro Alicea, hereinafter "Mr. Alicea") indicating that he gave her money towards her living expenses.

30.     The SHA was already aware of Mr. Alicea's monthly contributions to Ms. Passarell's household. There is a notarized letter from Mr. Alicea in their files, dated February 9, 2004, stating that he gave Ms. Passarell $100.00 a month to help with her rent. Mr. Alicea's letter also listed his cell phone and home phone number, and asked that the SHA contact him with any questions. (A copy of the letter is annexed as Appendix 13)

31.     Sometime in December, 2004, Ms. Passarell met with her Section 8 caseworker to discuss the documentation needed for recertification. The SHA told her to obtain her TANF benefits

9

information from the DTA office in Boston. The worker also told her to provide verification from Mr. Alicea regarding his contribution. Her caseworker told her to get all papers in by January, 2005.

32. Ms. Passarell provided the DTA documentation sometime in January, 2005. However, her parents were out of town until the end of January, 2005, and so she was unable to provide the verification from Mr. Alicea before the end of that month.

33. On January 13, 2005, the SHA sent Ms. Passarell a letter stating that she was in violation of her obligation to provide required documentation, and that her Section 8 assistance would terminate effective February 28, 2005. The letter also stated that Ms. Passarell had ten days from the date of the letter to request a hearing. (A copy of the letter is annexed as Appendix 14).

34. Sometime shortly after that ten day period, Ms. Passarell hand delivered a letter to the SHA which (a) requested a hearing regarding the termination of subsidy and (b) explaining why the document regarding income from Mr. Alicea was late. Ms. Passarell does not have a copy of the letter and there is no letter in her Section 8 file.

35. Ms. Passarell did not receive a response to her letter.

36. On or about February 1, 2005, Ms. Passarell's mother (Jeanette Rosario, hereinafter Ms. Rosario), brought a letter to Section 8 regarding Mr. Alicea's monthly contribution to Ms. Passarell's household. Although she does not have a copy of that letter, there is a signed letter, dated April 25, 2005, from Carmen P. Oyala, a notary, affirming that on February 1, 2005, Ms. Rosario brought Ms. Oyala a letter to be notarized and that this letter was a statement of

10

income verification. (A copy of the letter is annexed as Appendix 15)

37.    Sometime in February, Ms. Passarell's landlord called her to tell her that the SHA had

informed him that, beginning March 1, 2005, they would no longer be paying their share of Ms.

Passarell's rent.

38.    On February 18, 2005, Ms. Passarell delivered a second letter to Section 8, which was

stamped as received by Section 8 on that date. (A copy of the letter is annexed as Appendix

16) In this letter she asked for clarification as to her earlier request for a hearing and reminded

Section 8 that her earlier letter had explained why the income documentation was late.

39.    On February 23, 2005, the SHA sent Ms. Passarell a letter denying her request for a hearing

regarding her termination. On February 28, 2005, Ms. Passarell's subsidy was terminated.

<u>Claim for Relief</u>

40.    The SHA, by requiring the plaintiffs to obtain income verification without first obtaining, or

attempting to obtain third party verification on its own, or requiring the plaintiffs to obtain

income verification in addition to itself obtaining income verification, and then subsequently

terminating the plaintiffs' Section 8 vouchers for allegedly failing to comply with program

regulations that do not exist, is in violation of 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B); 24

C.F.R. § 982.516 and HUD Notice 2004-01. By violating these federal statutes and

regulations, the SHA is also in violation of 42 U.S.C. § 1983.

WHEREFORE, plaintiffs pray this Honorable Court:

1.    Enter preliminary and permanent injunctions ordering the SHA to reinstate the plaintiffs' Section

8 vouchers forthwith and retroactively to the date of termination, requiring the SHA to

11

compensate the plaintiffs' landlords or the plaintiffs for monies owed or spent for rent owed by SHA, or, in the alternative, award the plaintiffs damages for the loss of their Section 8 vouchers;

2.  Certify this action as a class action;

3.  Order the SHA to reinstate the Section 8 benefits of all class members whose participation in the program has been terminated as a result of this illegal policy and practice;

4.  Order the SHA to compensate class member's landlords or the class members themselves for monies owed or spent for rent owed by the SHA, or, in the alternative, award damages to class members whose assistance has already been terminated;

5.  Declare that the SHA's practices with regard to income verification are illegal;

6.  Award the plaintiffs attorney's fees pursuant to 42 U.S.C. § 1988; and

7.  Grant such other and further relief as this Honorable Court may deem equitable and just.

RAMONITA ORTIZ AND
KRYSTIN PASSARELL,
By Their Attorneys,

Date:  May 6 2005

Verna Cristina Sanchez
BBO # 600834

Jennifer Dieringer
BBO # 634987

Western Mass. Legal Services
127 State Street, 4th Flr.
Springfield, MA 01103
(tel) (413) 781-7814

12

Signed, under the pains and penalties of perjury, this 6th day of May, 2005.


_Ramonita Ortiz_
Ramonita Ortiz


_Krystyn J. Passarell_
Krystyn Passarell

13

SPRINGFIELD HOUSING AUTHORITY
67 SANDERSON STREET
SPRINGFIELD, MASSACHUSETTS 01107
TELEPHONE (413) 785-4530


020542
RAMONITA ORTIZ
284 OAKLAND ST 2R#4
SPRINGFIELD, MA 01108
Re:  Reexam month APRIL December 30, 2004


                IMPORTANTE TRADUZCA IMMEDIATAMENTE

                IT IS VERY IMPORTANT THAT YOU READ AND UNDERSTAND
                THE CONTENTS OF THIS LETTER

In order to determine your continued eligibility for Rental
Assistance it is necessary for you to fill out forms and verify
your current family situation.  Enclosed please find a copy of our
continued occupancy form.  PLEASE READ CAREFULLY, FILL IT OUT,
SIGN IT, AND RETURN IT WITH YOU ON JANUARY 11, 2004
BETWEEN 1:00 P.M. AND  3:30 P.M.

If you are unable to attend, please contact our Recertification
Department immediately at 785-4530. Recertification will ONLY
be done by appointment.  NO WALK-INS ACCEPTED.

You are responsible for providing copies of the following
information for all household members: (We will no longer provide
copies for you)

  - Complete name and mailing address of employer and all other
    income providers.

  - Birthdates and copies of Social Security cards for ALL NEW
    household members


If you have any questions regarding what is required when you come
to the office, please don't hesitate to call 785-4530.  Do not
postpone this meeting because you do not have all the information.
We may be able to assist you in getting it.

Your cooperation in this matter will help us to better serve you
under the Rental Assistance.Program.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY
RENTAL ASSISTANCE OFFICE

# Authorization for the Release of Information/ Privacy Act Notice

to the U.S. Department of Housing and Urban Development (HUD) and the Housing Agency/Authority (HA)

**U.S. Department of Housing and Urban Development**
Office of Public and Indian Housing

| PHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) | IHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) |
|---|---|
| SPRINGFIELD HOUSING AUTHORITY<br>25 SAAB COURT<br>P.O. BOX 1609<br>SPRINGFIELD, MA 01101 | |

**Authority:** Section 904 of the Stewart B. McKinney Homeless Assistance Amendments Act of 1988, as amended by Section 903 of the Housing and Community Development Act of 1992 and Section 3003 of the Omnibus Budget Reconciliation Act of 1993. This law is found at 42 U.S.C. 3544.

This law requires that you sign a consent form authorizing: (1) HUD and the Housing Agency/Authority (HA) to request verification of salary and wages from current or previous employers; (2) HUD and the HA to request wage and unemployment compensation claim information from the state agency responsible for keeping that information; (3) HUD to request certain tax return information from the U.S. Social Security Administration and the U.S. Internal Revenue Service. The law also requires independent verification of income information. Therefore, HUD or the HA may request information from financial institutions to verify your eligibility and level of benefits.

**Purpose:** In signing this consent form, you are authorizing HUD and the above-named HA to request income information from the sources listed on the form. HUD and the HA need this information to verify your household's income, in order to ensure that you are eligible for assisted housing benefits and that these benefits are set at the correct level. HUD and the HA may participate in computer matching programs with these sources in order to verify your eligibility and level of benefits.

**Uses of Information to be Obtained:** HUD is required to protect the income information it obtains in accordance with the Privacy Act of 1974, 5 U.S.C. 552a. HUD may disclose information (other than tax return information) for certain routine uses, such as to other government agencies for law enforcement purposes, to Federal agencies for employment suitability purposes and to HAs for the purpose of determining housing assistance. The HA is also required to protect the income information it obtains in accordance with any applicable State privacy law. HUD and PHA employees may be subject to penalties for unauthorized disclosures or improper uses of the income information that is obtained based on the consent form. **Private owners may not request or receive information authorized by this form.**

**Who Must Sign the Consent Form:** Each member of your household who is 18 years of age or older must sign the consent form. Additional signatures must be obtained from new adult members joining the household or whenever members of the household become 18 years of age.

Persons who apply for or receive assistance under the following programs are required to sign this consent form:

> PHA-owned rental public housing
> Turnkey III Homeownership Opportunities
> Mutual Help Homeownership Opportunity
> Section 23 and 19(c) leased housing
> Section 23 Housing Assistance Payments
> HA-owned rental Indian housing
> Section 8 Rental Certificate
> Section 8 Rental Voucher
> Section 8 Moderate Rehabilitation

**Failure to Sign Consent Form:** Your failure to sign the consent form may result in the denial of eligibility or termination of assisted housing benefits, or both. Denial of eligibility or termination of benefits is subject to the HA's grievance procedures and Section 8 informal hearing procedures.

**Sources of Information To Be Obtained**
State Wage Information Collection Agencies. (This consent is limited to wages and unemployment compensation I have received during period(s) within the last 5 years when I have received assisted housing benefits.)

U.S. Social Security Administration (HUD only) (This consent is limited to the wage and self employment information and payments of retirement income as referenced at Section 6103(1)(7)(A) of the Internal Revenue Code.)

U.S. Internal Revenue Service (HUD only) (This consent is limited to unearned income [i.e., interest and dividends].)

Information may also be obtained directly from: (a) current and former employers concerning salary and wages and (b) financial institutions concerning unearned income (i.e., interest and dividends). I understand that income information obtained from these sources will be used to verify information that I provide in determining eligibility for assisted housing programs and the level of benefits. Therefore, this consent form only authorizes release directly from employers and financial institutions of information regarding any period(s) within the last 5 years when I have received assisted housing benefits.

**Consent:** I consent to allow HUD or the HA to request and obtain income information from the sources listed on this form for the purpose of verifying my eligibility and level of benefits under HUD's assisted housing programs. I understand that HAs that receive income information under this consent form cannot use it to deny, reduce or terminate assistance without first independently verifying what the amount was, whether I actually had access to the funds and when the funds were received. In addition, I must be given an opportunity to contest those determinations.

This consent form expires 15 months after signed.

Signatures:

| | | | |
|---|---|---|---|
| Head of Household | Date | | |
| Social Security Number (if any) of Head of Household | | | |
| *Richard Gant* 1/11/05 | | Other Family Member over age 18 | Date |
| Spouse | Date | Other Family Member over age 18 | Date |
| Other Family Member over age 18 | Date | Other Family Member over age 18 | Date |
| Other Family Member over age 18 | Date | Other Family Member over age 18 | Date |

**Privacy Act Notice. Authority:** The Department of Housing and Urban Development (HUD) is authorized to collect this information by the U.S. Housing Act of 1937 (42 U.S.C. 1437 et. seq.), Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d), and by the Fair Housing Act (42U.S.C.3601-19).The Housing and Community Development Act of 1987 (42U.S.C. 3543) requires applicants and participants to submit the Social Security Number of each household member who is six years old or older. **Purpose:** Your income and other information are being collected by HUD to determine your eligibility, the appropriate bedroom size, and the amount your family will pay toward rent and utilities. **Other Uses:** HUD uses your family income and other information to assist in managing and monitoring HUD-assisted housing programs, to protect the Government's financial interest, and to verify the accuracy of the information you provide. This information may be released to appropriate Federal, State, and local agencies, when relevant, and to civil, criminal, or regulatory investigators and prosecutors. However, the information will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. **Penalty:** You must provide all of the information requested by the HA, including all Social Security Numbers you, and all other household members age six and older, have and use. Giving the Social Security Numbers of all household members six years of age and older is mandatory, and not providing the Social Security Numbers will affect your eligibility. Failure to provide any of the requested information may result in a delay or rejection of your eligibility approval.

**Penalties for Misusing this Consent:**

HUD, the HA and any owner (or any employee of HUD, the HA or the owner) may be subject to penalties for unauthorized disclosures or improper uses of information collected based on the consent form.

Use of the information collected based on the form HUD 9886 is restricted to the purposes cited on the form HUD 9886. Any person who knowingly or willfully requests, obtains or discloses any information under false pretenses concerning an applicant or participant may be subject to a misdemeanor and fined not more than $5,000.

Any applicant or participant affected by negligent disclosure of information may bring civil action for damages, and seek other relief, as may be appropriate, against the officer or employee of HUD, the HA or the owner responsible for the unauthorized disclosure or improper use.

Original is retained by the requesting organization.    ref. Handbooks 7420.7, 7420.8, & 7465.1    form HUD-9886 (05-26-94)

RAO-127-B
1/95

# SPRINGFIELD HOUSING AUTHORITY
# 67 SANDERSON STREET
# SPRINGFIELD, MA 01107
# (413) 785-4521

## GENERAL AUTHORIZATION FOR RELEASE OF INFORMATION

**NAME:** *Ricard Vazquez*

**ADDRESS:** *284 Oakland St apt 21R Sfld 01108*

I, the above-named individual, have authorization the Springfield Housing
Authority to verify the accuracy of the information which I have provided to the Housing
Authority, from the following sources:

1. Employers
1. Landlords
2. Personal references
3. Government funding agencies
4. Banks and financial Institutions
5. The Info Center, Inc. Feeding Hills, MA 01030 for Credit Reports (including rental
   history retail credit history, and arrest and/or conviction records).  Their Consumer
   Phone No. is (413) 562-5650.
6. Massachusetts department of Revenue/Bureau of Special Investigations.
7. CORI
8. Educational Institutions
9. Other
10. Other

I hereby give you my permission to release this information to the Springfield Housing
Authority subject to the condition that it be kept confidential.  I would appreciate your
prompt attention in supplying the information requested on the attached page to the
Springfield Housing Authority within five (5) days of receipt of this request.

I understand that a photocopy of this authorization is as valid as the original.

Thank you for your assistance and cooperation in this matter.

_____          _1/11/05_____
(Signature)                                             (Date Signed)

### AUTHORIZATION IS VALID FOR A PERIOD OF ONE YEAR FROM THE
### DATE NOTED ABOVE

RAO-9

# Authorization for the Release of Information/ Privacy Act Notice

to the U.S. Department of Housing and Urban Development (HUD) and the Housing Agency/Authority (HA)

**U.S. Department of Housing and Urban Development**
Office of Public and Indian Housing

| PHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) | IHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) |
|---|---|
| SPRINGFIELD HOUSING AUTHORITY<br>25 SAAB COURT<br>P.O. BOX 1609<br>SPRINGFIELD, MA 01101 | |

**Authority:** Section 904 of the Stewart B. McKinney Homeless Assistance Amendments Act of 1988, as amended by Section 903 of the Housing and Community Development Act of 1992 and Section 3003 of the Omnibus Budget Reconciliation Act of 1993. This law is found at 42 U.S.C. 3544.

This law requires that you sign a consent form authorizing: (1) HUD and the Housing Agency/Authority (HA) to request verification of salary and wages from current or previous employers; (2) HUD and the HA to request wage and unemployment compensation claim information from the state agency responsible for keeping that information; (3) HUD to request certain tax return information from the U.S. Social Security Administration and the U.S. Internal Revenue Service. The law also requires independent verification of income information. Therefore, HUD or the HA may request information from financial institutions to verify your eligibility and level of benefits.

**Purpose:** In signing this consent form, you are authorizing HUD and the above-named HA to request income information from the sources listed on the form. HUD and the HA need this information to verify your household's income, in order to ensure that you are eligible for assisted housing benefits and that these benefits are set at the correct level. HUD and the HA may participate in computer matching programs with these sources in order to verify your eligibility and level of benefits.

**Uses of Information to be Obtained:** HUD is required to protect the income information it obtains in accordance with the Privacy Act of 1974, 5 U.S.C. 552a. HUD may disclose information (other than tax return information) for certain routine uses, such as to other government agencies for law enforcement purposes, to Federal agencies for employment suitability purposes and to HAs for the purpose of determining housing assistance. The HA is also required to protect the income information it obtains in accordance with any applicable State privacy law. HUD and PHA employees may be subject to penalties for unauthorized disclosures or improper uses of the income information that is obtained based on the consent form. Private owners may not request or receive information authorized by this form.

**Who Must Sign the Consent Form:** Each member of your household who is 18 years of age or older must sign the consent form. Additional signatures must be obtained from new adult members joining the household or whenever members of the household become 18 years of age.

Persons who apply for or receive assistance under the following programs are required to sign this consent form:

> PHA-owned rental public housing
> Turnkey III Homeownership Opportunities
> Mutual Help Homeownership Opportunity
> Section 23 and 19(c) leased housing
> Section 23 Housing Assistance Payments
> HA-owned rental Indian housing
> Section 8 Rental Certificate
> Section 8 Rental Voucher
> Section 8 Moderate Rehabilitation

**Failure to Sign Consent Form:** Your failure to sign the consent form may result in the denial of eligibility or termination of assisted housing benefits, or both. Denial of eligibility or termination of benefits is subject to the HA's grievance procedures and Section 8 informal hearing procedures.

**Sources of Information To Be Obtained**
State Wage Information Collection Agencies. (This consent is limited to wages and unemployment compensation I have received during period(s) within the last 5 years when I have received assisted housing benefits.)

U.S. Social Security Administration (HUD only) (This consent is limited to the wage and self employment information and payments of retirement income as referenced at Section 6103(1)(7)(A) of the Internal Revenue Code.)

U.S. Internal Revenue Service (HUD only) (This consent is limited to unearned income [i.e., interest and dividends].)

Information may also be obtained directly from: (a) current and former employers concerning salary and wages and (b) financial institutions concerning unearned income (i.e., interest and dividends). I understand that income information obtained from these sources will be used to verify information that I provide in determining eligibility for assisted housing programs and the level of benefits. Therefore, this consent form only authorizes release directly from employers and financial institutions of information regarding any period(s) within the last 5 years when I have received assisted housing benefits.

---

Original is retained by the requesting organization.     ref. Handbooks 7420.7, 7420.8, & 7465.1     form HUD-9886 (05-26-94)

_____ HUD or the HA to request and obtain income information from the sources listed on this form for the purpose of verify-_____ benefits under HUD's assisted housing programs. I understand that HAs that receive income information under this _____ to deny, reduce or terminate assistance without first independently verifying what the amount was, whether I actually had _____ when the funds were received. In addition, I must be given an opportunity to contest those determinations.

_____ expires 15 months after signed.

monita Ortiz                    1/14/05
Household                        Date

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
al Security Number (if any) of Head of Household

| | | Other Family Member over age 18 | Date |
| Spouse | Date | Other Family Member over age 18 | Date |
| Other Family Member over age 18 | Date | Other Family Member over age 18 | Date |
| Other Family Member over age 18 | Date | Other Family Member over age 18 | Date |

**Privacy Act Notice. Authority:** The Department of Housing and Urban Development (HUD) is authorized to collect this information by the U.S. Housing Act of 1937 (42 U.S.C. 1437 et. seq.), Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d), and by the Fair Housing Act (42 U.S.C.3601-19).The Housing and Community Development Act of 1987 (42U.S.C. 3543) requires applicants and participants to submit the Social Security Number of each household member who is six years old or older. Purpose: Your income and other information are being collected by HUD to determine your eligibility, the appropriate bedroom size, and the amount your family will pay toward rent and utilities. Other Uses: HUD uses your family income and other information to assist in managing and monitoring HUD-assisted housing programs, to protect the Government's financial interest, and to verify the accuracy of the information you provide. This information may be released to appropriate Federal, State, and local agencies, when relevant, and to civil, criminal, or regulatory investigators and prosecutors. However, the information will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. Penalty: You must provide all of the information requested by the HA, including all Social Security Numbers you, and all other household members age six and older, have and use. Giving the Social Security Numbers of all household members six years of age and older is mandatory, and not providing the Social Security Numbers will affect your eligibility. Failure to provide any of the requested information may result in a delay or rejection of your eligibility approval.



<u>**Penalties for Misusing this Consent:**</u>

HUD, the HA and any owner (or any employee of HUD, the HA or the owner) may be subject to penalties for unauthorized disclosures or improper uses of information collected based on the consent form.

Use of the information collected based on the form HUD 9886 is restricted to the purposes cited on the form HUD 9886. Any person who knowingly or willfully requests, obtains or discloses any information under false pretenses concerning an applicant or participant may be subject to a misdemeanor and fined not more than $5,000.

Any applicant or participant affected by negligent disclosure of information may bring civil action for damages, and seek other relief, as may be appropriate, against the officer or employee of HUD, the HA or the owner responsible for the unauthorized disclosure or improper use.

Original is retained by the requesting organization.    ref. Handbooks 7420.7, 7420.8, & 7465.1    form HUD-9886 (05-26-94)

RAO-127-B
1/95

# SPRINGFIELD HOUSING AUTHORITY
# 67 SANDERSON STREET
# SPRINGFIELD, MA 01107
# (413) 785-4521

## GENERAL AUTHORIZATION FOR RELEASE OF INFORMATION

**NAME:** _Ramonita Ortiz_

**ADDRESS:** _284 Oakland ST Apt 2R_

I, the above-named individual, have authorization the Springfield Housing
Authority to verify the accuracy of the information which I have provided to the Housing
Authority, from the following sources:

1. Employers
1. Landlords
2. Personal references
3. Government funding agencies
4. Banks and financial Institutions
5. The Info Center, Inc. Feeding Hills, MA 01030 for Credit Reports (including rental
   history retail credit history, and arrest and/or conviction records).  Their Consumer
   Phone No. is (413) 562-5650.
6. Massachusetts department of Revenue/Bureau of Special Investigations.
7. CORI
8. Educational Institutions
9. Other
10. Other

RECEIVED
JAN 1 8 2005
Springfield Housing Authority
RENTAL ASSISTANCE 1

I hereby give you my permission to release this information to the Springfield Housing
Authority subject to the condition that it be kept confidential.  I would appreciate your
prompt attention in supplying the information requested on the attached page to the
Springfield Housing Authority within five (5) days of receipt of this request.

I understand that a photocopy of this authorization is as valid as the original.

Thank you for your assistance and cooperation in this matter.

_Ramonita Ortiz_                          _01-14-05_
(Signature)                                (Date Signed)

AUTHORIZATION IS VALID FOR A PERIOD OF ONE YEAR FROM THE
DATE NOTED ABOVE

RAO-9



# SPRINGFIELD HOUSING AUTHORITY

RENTAL ASSISTANCE OFFICE
67 SANDERSON STREET / P.O. BOX 1609
SPRINGFIELD, MASSACHUSETTS 01101
TELEPHONE (413) 785-4521 FAX (413) 785-4537

EMPLOYER: Buy West Plastics                      DATE: _____1|11|05_____
ADDRESS: 380 Union St. CITY: W. Spfld      STATE: MA   ZIP 01089
    ATTN: Roy Bessette

Your name has been submitted to us as the employer of the above-named person who resides at one of our developments. As required, we have the employee's permission to verify with you information of his/her income. Your cooperation in furnishing the information called for below will be helpful to and appreciated by the Authority in determining his/her eligibility for continued occupancy in accordance with the provision of Chapter 12 1 B of Section 32 and Federal provisions of 24 CFR Part 5.
**(PLEASE FILL OUT COMPLETELY)**

_____
Employee's Authorization                       Very truly yours,

__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__                                _____
Employee's Social Security Number

.................................................................................

Employee's Name _____Richard Vazquez_____ is (not) your employee.
Full Time __✓__   Part Time_____   Present Position __LAID off 12|30|04__
Employed Since __9/30/04__   Gross wages earned last calendar year $ __2,032.05__
Base Hourly Rate __6.75__   Hours per Week _____   Overtime Rate _____   Overtime Hrs./Week _____
Shift Differential _____   Shift Differential Hrs/Week _____
Tips _____

His/her weekly gross wages for the past ten (10) weeks or **most representative** 10 weeks.

Week ending __12/31/04__  $ __243.00__      Week ending __11/24/04__  $ __153.56__
Week ending __12/24/04__  $ __264.94__      Week ending __11/19/04__  $ __214.31__
Week ending __12/17/04__  $ __254.81__      Week ending __11/12/04__  $ __268.31__
Week ending __12/10/04__  $ __187.31__      Week ending __11/5/04__   $ __244.69__
Week ending __12/3/04__   $ __54.00__       Week ending __10/29/04__  $ __268.31__

ANTICIPATED changes in the rate of pay over the next 12 months __Laid off__.

REMARKS: _____

__Linda M. Kapusta__          _____          __Office Mgr.__
(PRINT NAME)                  (SIGNATURE)                       (TITLE)

__1/14/05__                   __(413) 731-8881__                RECEIVED
(DATE)                        (TEL. #)
                                                                JAN 1 9 2005   RAO -28
                                                                               12/03

An Equal Opportunity Employer
Equal Housing Opportunity



| 1. Mass. Division of Unemployment Assist | BENEFIT DETERMINATION (PRI) | | |
|---|---|---|---|
| **TEL CLAIMS CTR  P.O. BOX 9694**<br>**BOSTON                    MA 02114**<br>Tel.: *877-626-6800  Fax: 617-727-7837 | INITIAL | OF<br>1 | |

**\*IN AREA CODES 617, 781, 857 AND 339 CALL 617-626-6800.**
**REFER TO THE INSERT "HOW TO READ YOUR BENEFIT DETERMINATION" FOR AN EXPLANATION OF HOW YOUR BENEFITS ARE CALCULATED. CALL THE NUMBER ABOVE WITH QUESTIONS. THIS IS A DETERMINATION OF MONETARY ELIGIBILITY ONLY. IT DOES NOT NECESSARILY ENTITLE YOU TO BENEFITS. YOU HAVE THE RIGHT TO APPEAL THIS DETERMINATION.**

| 4. SSA No.: 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 | 7. Name and Address: | FOR D.U.A. USE ONLY |
|---|---|---|
| 5. Date Mailed: 01-25-05 | **RICHARD    VAZQUEZ**<br>**284 OAKLAND STR 2ND FLR RIGHT**<br>**SPRINGFIELD      MA 01108-1349** | 00211 |
| 6. Effective Date: 01-02-05 | | |

| 8.<br>Employer<br>Name | 9.<br>Employer<br>Identification<br>Number | 10.<br>Wg.<br>Cd. | 11.<br>Af.<br>Cd. | 12.<br>Sp.<br>Cd. | 13.<br>Latest<br>Separation<br>Date | 14. BASE PERIOD WAGES PAID BY EACH EMPLOYER | | | | | TOTAL BASE PERIOD WAGES PAID BY EMPLOYER |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 01-01-04<br>TO<br>03-31-04 | 04-01-04<br>TO<br>06-30-04 | 07-01-04<br>TO<br>09-30-04 | 10-01-04<br>TO<br>12-31-04 | | |
| **BAY WEST**<br>**NEW ENG.** | 80-381590<br>72-410880 | S<br>S | N<br>N | L<br>U | 12-30-04<br>09-25-04 | 0.00<br>0.00 | 0.00<br>0.00 | 0.00<br>1140.75 | 2732.05<br>0.00 | 0.00<br>0.00 | 2732.05<br>1140.75 |
| 15. TOTAL ELIGIBLE WAGES BY QUARTER ➡ | | | | | | 0.00 | 0.00 | 1140.75 | 2732.05 | 0.00 | 16. TOTAL WAGES<br>3872.80 |

**\* State Law limits potential duration to 26 weeks beginning 03-10-02**

| 17. BENEFIT RATE<br>105.00 | + | 18. DEPENDENCY ALLOWANCE<br>25.00 | − | 19. WEEKLY PENSION DEDUCTION<br>0.00 | = | 20. PAY RATE<br>130.00 |
|---|---|---|---|---|---|---|

| 21.\* BENEFIT CREDIT<br>1394 | 22.\* POTENTIAL DURATION<br>14.0 | 23. EARNINGS EXCLUSION<br>35.00 | 24. TYPE COMP. FORMULA<br>Z | 25. AVERAGE WEEKLY WAGE<br>211.00 |
|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**YOU ARE MONETARILY ELIGIBLE FOR BENEFITS USING YOUR PRIMARY BASE PERIOD.  IF YOU WISH TO PURSUE AN ALTERNATE MONETARY DETERMINATION, AND YOU HAVE NOT PREVIOUSLY DONE SO, YOU MUST MAIL PROOF OF WAGES PAID TO YOU IN YOUR LAG PERIOD TO THE ADDRESS INDICATED IN BOX #1 OF THIS DETERMINATION NOTICE.  WAGES PAID TO YOU IN YOUR LAG PERIOD, WHICH IS 01-01-05 TO 01-01-05, MUST EQUAL OR EXCEED     $389 .      PLEASE REFER TO THE ENCLOSED INSERT FOR ADDITIONAL INFORMATION REGARDING YOUR POTENTIAL BASE PERIOD OPTION.**

MAR 0 7 2005

| D.U.A. USE ONLY | | |
|---|---|---|
| Office #:<br>05 | Claimant Name, Social Security Number:<br>**RICHARD    VAZQUEZ       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** | Determination Mail Date:<br>01-25-05 |

*Commonwealth of Massachusetts*
Form 1075-8 Rev. 01-21-04



# SPRINGFIELD HOUSING AUTHORITY

**67 SANDERSON STREET**
**SPRINGFIELD, MASSACHUSETTS 01107**
**TELEPHONE (413) 785-4521** 2005

020040

RAMONITA ORTIZ
204 OAKLAND ST 2R#4
SPRINGFIELD, MA 01108

DEAR CLIENT:

In order to complete your annual recertification you must provide the following documentation on or before <u>JANUARY 21, 2005</u>.

_✓_ Wage Verification          _____ TANF
    Ramonita
_____ Social Security          _____ SSI

_____ Savings/Checking         _____ Retirement/Pension
                                                    Ramonita ③
_____ Stocks/Bonds             _✓_ Release of Information Form

_____ No Income Statement (Notarized) _____ Other _____

_✓_ Other Unemployment          _____ Other _____
         (Richard)

Failure to provide this information by the above date may result in the interruption or termination of your rental assistance. This is the only notice you will receive before we take further action.

It is your responsibility to let us know immediately of any problems you are having in providing this information.  Please call the Recertification Department at 785-4530.


Very truly yours,
SPRINGFIELD HOUSING AUTHORITY
RENTAL ASSISTANCE OFFICE



I ACKNOWLEDGE RECEIPT OF THIS NOTICE  _R. _____

                            DATE _1/11/06_____

                                                    RECERT/2

# SPRINGFIELD HOUSING AUTHORITY

**67 SANDERSON STREET**

**SPRINGFIELD, MASSACHUSETTS 01107**

**TELEPHONE (413) 785-4521**

January 12, 2005

20542

RAMONITA ORTIZ
284 OAKLAND ST 2R#4
SPRINGFIELD, MA 01108

DEAR CLIENT:

In order to complete your rent adjustment you must provide the
following documentation on or before _January 20, 2005_

\_\_\_\_\_Written Request stating the reason for a change

✓Wage verification *Letter from Bay Plastics stating you was laid off.*    \_\_\_\_\_TANF

\_\_\_\_\_Social security/SSI    \_\_\_\_\_Savings/Checking

\_\_\_\_\_Retirement/Pension    \_\_\_\_\_Stock/Bonds

\_\_\_\_\_Release of Information Form    \_\_\_\_\_Unemployment

\_\_\_\_\_No Income Statement (Notorized)    \_\_\_\_\_Military Pay

\_\_\_\_\_Child Support    \_\_\_\_\_Adoption/Foster Child Care

\_\_\_\_\_Training Program Stipend    ✓Other *Any other income verification*

It is your responsibility to let us know immediately of any pro-
blems you are having in providing this information. Please call
me at _785-4529_ if you need assistance.

You are responsible for making arrangements with your landlord for
your rent until an adjustment is approved.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY

*Maria Carrero*
Program Specialist

INTERIM



# SPRINGFIELD HOUSING AUTHORITY

**67 SANDERSON STREET**
**SPRINGFIELD, MASSACHUSETTS 01107**
**TELEPHONE (413) 785-4521**

JANUARY 20, 2005

Cert 3268
RAMONITA ORTIZ
234 OAKLAND ST 2R#4
SPRINGFIELD MA 01108

[IMPORTANTE TRADUZCA IMMEDIATAMENTE]

Dear RAMONITA ORTIZ

You are in violation of your obligation(s) under the Section 8 Program for the following reason(s):

( ) Failure to complete the annual recertification process.

(X) Failure to provide required documentation.

( ) Failure to allow inspection of your unit.

( ) Failure to notify SHA before vacating your unit.

( ) Other_____

_____

As a result, Springfield Housing Authority will terminate your participation in the Section 8 Program effective FEBRUARY 28, 2005 and your all rents and agreements with your landlord after this date will be your responsibility

If you are not in agreement with our decision to terminate your participation you may present your objections by submitting a written request within ten(10) days from the date of this letter. A copy of our Hearing Procedure is enclosed for your information.

Please be informed that if you are a person with disabilities you may request reasonable accomodation.

Should you have any other questions please call the Recertification Department at 785-4530.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY

RECERTIFICATION CLERK

RECERT/3



**SPRINGFIELD HOUSING AUTHORITY**
**RENTAL ASSISTANCE OFFICE**
**67 SANDERSON STREET**
**SPRINGFIELD, MASSACHUSETTS 01107**
**TELEPHONE (413) 785-4521 FAX (413) 785-4537 or 785-4526**

Date: March 9, 2005

Ramonita Ortiz
284 Oakland St. 2R #4
Springfield, Ma. 01108

CERTIFIED MAIL: 7037

Dear Ms. Ortiz:

I am writing to you in regard to the informal hearing that was held by me on March 4, 2005.

After careful consideration, and reviewing all of the facts, you did not supply the information requested of you timely, and you also did not request the hearing timely. Based on everything I reviewed. I have made a determination to uphold the termination effective February 28, 2005.

Therefore effective March 1, 2005 you are responsible for the entire rent. You may apply for Section 8 and be placed on the waiting list. You can pick up an application at 35 Saab Court, Springfield, Mass. 01101.

Very truly yours,

Cheryl LaPan,
Admissions Supervisor



An Equal Opportunity Employer Equal Housing Opportunity



033930

**SPRINGFIELD HOUSING AUTHORITY**

67 SANDERSON STREET
SPRINGFIELD, MASSACHUSETTS 01107
TELEPHONE (413) 785-4521

DECEMBER 6, 2004

KRYSTIN J PASARELL
48 MARYLAND ST
SPRINGFIELD, MA 01108

DEAR CLIENT:

In order to complete your annual recertification you must provide the following documentation on or before DECEMBER 20, 2004.

_____Wage verification            __\/__TANF

_____Social Security              _____SSI

_____Savings/Checking             _____Retirement/Pension

_____Stocks/Bonds                 _____Release of Information Form

_____No Income Statement (Notarized) _____Other _____

_____Other notarized letter from    _____Other _____
Dad, receiving money from him

Failure to provide this information by the above date may result in the interruption or termination of your rental assistance. This is the only notice you will receive before we take further action.

It is your responsibility to let us know immediately of any problems you are having in providing this information.  Please call the Recertification Department at 785-4530.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY
RENTAL ASSISTANCE OFFICE

I ACKNOWLEDGE RECEIPT OF THIS NOTICE  _Krystin Pasarell_

                            DATE  _12-15-04_

                                                   RECERT/2

2-9-2004

To Whom It May Concern:

This letter is to inform you that I Pedro Alicea as Krystin Pasarell father will help her by giving her the amount of $100.00 monthly for her rent. If any question about this matter please contact me at, (413)433-2888 (cell), or (413)7367459 (home).

Sincerly,
Pedro Alicea

*Pedro Alicea*

2/10/04

*Margaret*

Margaret J. DeLiefde
Notary Public
My commission expires September 11, 2009



# SPRINGFIELD HOUSING AUTHORITY

**67 SANDERSON STREET**
**SPRINGFIELD, MASSACHUSETTS 01107**
**TELEPHONE (413) 785-4521**

JANUARY 13, 2005

033930
Cert # 2872
KRYSTIN J PASARELL
48 MARYLAND ST
SPRINGFIELD, MA 01108

IMPORTANTE TRADUZCA IMMEDIATAMENTE

Dear KRYSTIN J PASARELL

You are in violation of your obligation(s) under the Section 8 Program for the following reason(s):

( ) Failure to complete the annual recertification process.

(X) Failure to provide required documentation.

( ) Failure to allow inspection of your unit.

( ) Failure to notify SHA before vacating your unit.

( ) Other_____

_____

As a result, Springfield Housing Authority will terminate your participation in the Section 8 Program effective FEBRUARY 28, 2005 Any and all rents and agreements with your landlord after this date will be your responsibility.

If you are not in agreement with our decision to terminate your participation you may present your objections by submitting a written request within ten(10) days from the date of this letter A copy of our Hearing Procedure is enclosed for your information.

Please be informed that if you are a person with disabilities you may request reasonable accomodation.

Should you have any other questions please call the recertification department at 785-4530.

Very truly yours,
SPRINGFIELD HOUSING AUTHORITY

RECERTIFICATION CLERK

April 25, 05

To whom it may concern;

I Carmen P. Oyola, Public Notary states that Jenette Rosario. And Krystn Pasarell came to Notorized on Feb, 2005 for a statement of income Verification —

Thank you,

Carmen P. Oyola

14:34 FAX  413 748 3221     MA JUSTICE PROJECT
W MASS LEGAL SERVICES     → MA     JUSTICE PRO   ☑003/004
4135351     PAGE 09/11

To whom it may concern,     2-18-05

My name is Kristin Pasanell,
I am writting this letter
because I requeste a hiring
2 weeks ago because My
landlord had told me that
section 8 had call him to let
him know that the check that
he will receive on Feb. is
goin to be the last. They
also told him that the reason
was because I brong some
paper late. I wrote a
letter saying why I brong
the paper late. I will like
to know where I stand

Sincerly,
Kristin

Question please call
out 781-4093.

RECEIVED
FEB 1 8 2005
Springfield Housing Authority
LEGAL ASSISTANCE

LL's name Eric
594-7722
or
594-7711