UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30126 MAP

-------------------------------------------------------
RAMONITA ORTIZ and                              :
KRYSTIN PASSARELL, on behalf of                 :
themselves and all others similarly situated,   :
                                                :   MOTION FOR CERTIFICATION
                       Plaintiffs               :          OF CLASS
:
v.                                              :
                                                :
SPRINGFIELD HOUSING AUTHORITY,                  :
                                                :
                       Defendant                :
-------------------------------------------------------

      Now come the plaintiffs in the above-captioned matter, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and move this court to have this action maintained as a class action on behalf of themselves and the following class:

all participants in the Section 8 voucher program administered by the
SHA since March 9, 2004.

In support of the Motion, plaintiffs aver that the requirements of Rule 23 are met in that:

      (1)    The class is so numerous that joinder of all members is impracticable;

      (2)    There are questions of law or fact common to the class;

      (3)    The claims or defenses of the representative parties are typical of the claims or defenses of the class;

      (4)    The representative party will fairly and adequately represent the class interests;

      (5)    Questions of law and fact common to the class predominate over any questions affecting only individual members; and

      (6)    A class action is superior to other methods for the fair and efficient adjudication of the controversy.

In support of this motion, plaintiffs also submit the attached Memorandum of Law in Support of its Motion for Certification of Class and the affidavit of Verna Cristina Sanchez.

Wherefore, plaintiffs respectfully request that the foregoing class be certified.

                                                Respectfully Submitted
On behalf of plaintiffs

Date: June 29, 2005                        s/ J. Paterson Rae_____
J. Paterson Rae
BBO # 410520
Verna Cristina Sanchez
BBO # 600834
Jennifer Dieringer
BBO # 634987
Western Mass. Legal Services
127 State Street, 4th Flr.
Springfield, MA 01103
(tel) (413) 781-7814
(fax) (413) 746-3221

CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Verna C. Sanchez, certify that I conferred with counsel for the defendant in an effort to resolve or narrow the issues which are the subject of this motion as required by Local Rule 7.1.

                                                    s/ Verna C.Sanchez_____
                                                    Verna C. Sanchez

CERTIFICATE OF SERVICE

I, J. Paterson Rae, hereby certify that the above Motion for Certification of Class and Memorandum of Law in Support of the Motion were mailed, first class postage, to Petra Cervoni, Esq., Springfield Housing Authority, 25 Saab Court, P.O. Box 1609, Springfield, MA 01101 on this date.

Dated: June 29, 2005                                  s/ J. Paterson Rae_____
                                                            J. Paterson Rae

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30126 MAP

---

RAMONITA ORTIZ and
KRYSTIN PASSARELL, on behalf of
themselves and all others similarly situated,

    Plaintiffs

v.

SPRINGFIELD HOUSING AUTHORITY,
    Defendant.

AFFIDAVIT OF VERNA C. SÁNCHEZ

---

I, Verna Cristina Sánchez, having personal knowledge of the following, state:

1. I am a housing attorney with Western Mass Legal Services in Springfield, Massachusetts.

2. Plaintiff Krystin Passarell is my client.

3. In the course of my work on this case, I personally went to the website: http://pic.hud.gov/pic/RCRPublic/rcrmain.asp cited in plaintiffs' Memorandum In Support of Motion for Class Certification in the above-captioned case.

4. At that site, after selecting Tenant Based Vouchers as type of program being viewed, I then selected Springfield Housing Authority, which is coded at the website as MA035.

5. Under the SHA profile (attached), for the period February 1, 2004 – May 31, 2005, HUD reports 2,125 households with Section 8 vouchers administered by the

1

defendant SHA.

        Signed under the pains and penalties of perjury.

Dated: June 29, 2005

                                    _____
                                        Verna Cristina Sánchez

## Resident Characteristics Report
### As of May 31, 2005

Program type : **Tenant Based Voucher**

Level of Information : **Housing Agency within State MA**

Effective Dates Included : **February 01, 2004** through **May 31, 2005**

 Download in Excel   Print Page   View Entire Report

*NOTE: Percentages in each area may not total 100 percent due to rounding.*



**Units Information**

| HA | 50058 Received |
|---|---|
| MA | 62,856 |
| MA035 | 2,125 |

1 - 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30126 MAP

_____
RAMONITA ORTIZ and                          :
KRYSTIN PASSARELL, on behalf of             :
themselves and all others similarly situated, :
                                            :
         Plaintiffs                        :    MEMORANDUM IN
                                            :    SUPPORT OF MOTION
v.                                          :    FOR CLASS
                                            :    CERTIFICATION
SPRINGFIELD HOUSING AUTHORITY,              :
                                            :
         Defendant                         :
_____:

## I. FACTUAL BACKGROUND

      This case involves a challenge to the legality of the defendant (hereinafter "SHA") SHA's policy and practice of requiring Section 8 participants to obtain third party verification of income upon pain of termination from the program. Plaintiffs, Ramonita Ortiz (hereinafter "Ms. Ortiz") and Krystin Passarell (hereinafter "Ms. Passarell") (or hereinafter "the plaintiffs") are both tenants who had their Section 8 subsidies terminated by the defendant Springfield Housing Authority for failure to provide or to timely provide verification of third party income as part of the annual recertification process.[1] Termination from the Section 8 program puts families at risk of

---

[1] Since the commencement of this case in Housing Court, Western Division, both named plaintiffs have had their Section 8 subsidies reinstated. Federal regulations require that all subsidized tenants go through an annual recertification process for income verification to ensure continuing eligibility for subsidy. Additionally, if the tenant has had a major change in income anytime throughout the year he or she is required to notify the subsidizing agency and have that income verified. The defendant's complained of practices leave both plaintiffs vulnerable to a possible termination again at their next recertification or at an interim recertification.

1

eviction and homelessness. Ramonita Ortiz (hereinafter "Ms. Ortiz"), Krystin Passarell (hereinafter "Ms. Passarell") and their families had Section 8 vouchers that were administered by the Springfield Housing Authority (hereinafter "the SHA). The SHA required each of them to obtain third party income verification for annual recertification, rather than the SHA obtaining, or at least attempting to obtain, this information itself. The SHA then compounded this illegal practice by terminating the plaintiffs' Section 8 benefits, erroneously, alleging that the plaintiffs failed to meet their requirements under the Section 8 program.

At the time this lawsuit was filed, Ms. Ortiz and her family were in immediate danger of being evicted from their apartment. After the SHA terminated their participation in the Section 8 program and stopped paying its portion of their rent, the family, by borrowing from family and friends, was barely able to pay April's full contract rent.

Ms. Passarell and her young son were also in danger of being evicted from their home. After the termination of her subsidy, Ms. Passarell continued to pay her monthly rent at the subsidized rate, but it was financially impossible for her to pay the full rent, as the full contract rent for her apartment is greater than her monthly income. The termination of her subsidy would have inevitably lead to her facing eviction and homelessness.

Plaintiffs seek certification of the class consisting of:

>all participants in the Section 8 voucher program administered by the SHA since March 9, 2004.

## II. THIS CASE IS APPROPRIATE FOR CLASS CERTIFICATION

In order to be certified as a class, the plaintiffs must, pursuant to the Federal Rules of Civil Procedure, establish that they meet the four prerequisites of Rule 23(a), as well as satisfy one of the criteria under Rule 23(b). Fed. R. Civ. P. 23; *see Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972). Under Rule 23(a), the plaintiffs must establish that the class is so numerous that joinder of all members is impracticable; that there are questions of law or fact common to the class; that the claims of the plaintiffs are typical of the claims of the class; and that the plaintiffs will fairly and adequately protect the interests of the class. *See Griffin v. Burns*, 570 F.2d 1065, 1072 (1st Cir. 1978). Under Rule 23(b), the plaintiffs must demonstrate that the defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Fed. R. Civ. P. 23(b)(2); *see Yaffe*, 454 F.2d at 1366. Plaintiffs easily satisfy all of these conditions.

### A. The Class Meets the Prerequisites of Rule 23(a)

1. <u>The Class Is So Numerous That Joinder Of The Members Is Impracticable</u>.

For purposes of Rule 23(a)(1), the plaintiffs need not establish the precise number of class members. *Carpenter v. Davis*, 424 F.2d 257, 260 (5th Cir. 1970); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D. Mass. 1978). This is particularly true where the plaintiffs seek only declaratory and injunctive relief. *McCuin v. Secretary of Health and Human Servs.*, 817 F.2d 161, 167 (1st Cir. 1987); *Doe v. Charleston Area*

*Med. Ctr., Inc.*, 529 F.2d 638, 645 (4th Cir. 1975) (class size may be speculative when only equitable relief is sought). In civil rights cases, membership often cannot be enumerated. *Yaffe*, 454 F.2d at 1362; *Powell v. Ward*, 487 F. Supp. 917, 922 (S.D.N.Y. 1980). In these kinds of cases, a class action may proceed on a reasonable estimate. *Jane B. v. New York City Dept. of Social Servs.*, 117 F.R.D. 64, 70 (S.D.N.Y. 1987) ("[A] class action may proceed upon estimates as to the size of the proposed class.") (citation omitted); see also, *Paxton v. Union National Bank*, 688 F.2d 552, 560-61 (8th Cir. 1982) (finding it unnecessary for class members besides plaintiff to provide testimony of defendant's discrimination). Plaintiffs may present circumstantial evidence or make statistical estimates of the number of class members. See, *Ragsdale v. Turnock*, 625 F. Supp. 1212, 1219-20 (N.D. Ill. 1985), aff'd in part and vacated in part on other grounds, 841 F.2d 1358 (7th Cir. 1985) (finding circumstantial evidence sufficient); *In re Tetracycline Cases*, 107 FRD 719, 728-29 (W.D. Mo. 1985) (allowing plaintiffs to introduce statistical data and studies).

      For the period February 1, 2004 through May 31, 2005, there were 2,125 reported households with Section 8 subsidies administered by the SHA.[2] In this case, the class consists of all participants in the Section 8 voucher program administered by the SHA since March 9, 2004. All such households have been required, are currently being required, or in the future are at risk of being required to obtain third party verification of their income, despite the fact that the SHA has made insufficient or no effort itself to obtain the third party verification, or has pursued third party verification on its own and still required participants to obtain their own verification. With over 2000 members, the

---

[2] See Resident Characteristics Report as of April 30, 2005, http://pic.hud.gov/pic/RCRPublic/rcrmain.asp, appended as an Exhibit to the Affidavit of Verna C. Sanchez.

4

class easily satisfies the numerosity requirement. In addition, the fact that the members of the class are not clearly identifiable further supports certification of the class. *Charleston Area Med. Ctr., Inc.*, 529 F.2d at 645; *Yaffe*, 454 F.2d at 1366; *Poe v. Menghini*, 339 F.Supp. 986, 990 (D. Kan. 1972).

The court may also consider other factors beside numerosity to determine whether joinder is impracticable. These factors include the ability of the putative class to bring their own action, geographical diversity, and the type of relief sought. *Jordan v. Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982); *see also National Ass'n of Radiation Survivors*, 111 F.R.D. at 599. Here, many of the putative class members may have had their subsidies terminated and subsequently been evicted for non-payment of rent.[3] They may, by now, be dispersed throughout the Commonwealth and only the defendant knows their identities. Joinder is not just impracticable, it is well nigh impossible. In light of all of these factors, the class here is therefore both numerous and impracticable of joinder as required by Rule 23 (a)(1).

    2. There are questions of law common to the class.

Rule 23(a)(2) requires that proposed members share at least one common issue of fact or law, "the resolution of which will affect all or a significant number of putative class members." *Chisholm v. Hood*, No. 97-3274, 1998 U.S. Dist. LEXIS 2521, *10 (E.D. La. March 2, 1998) *Rev'd sub nom. Chisholm v. Hood Rev'd sub nom. Chisholm v. Hood*, 110 F.Supp.2d 499 (2000); *accord Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992). There is no requirement that all questions be common to the class, *see,*

---

[3] Once a tenant's subsidy has been terminated, the landlord then charges the tenant the full market rent. By definition, a tenant receiving a subsidy cannot afford full market rent. Therefore, once the subsidy is terminated, the tenant is unable to pay the monthly rent, which results in an eviction case for non-payment of rent.

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975); and only when no common question exists should class certification be denied. *Yaffe*, 454 F.2d at 1366. As only one common question is required, courts find this requirement easily met. *Mulligan v. Choice Mortgage Corp.USA*, 1998 U.S. Dist. LEXIS 13248, * 7-8 (D.N.H. Aug. 11, 1998); *Duhaime v. John Hancock Mutual Life Ins. CO.*, 177 F.R.D. 54, 63 (D. Mass. 1997).

Commonality refers to the defendants' conduct in relation to the plaintiffs. *Adamson v. Bowen*, 885 F.2d 668, 676 (10th Cir. 1988); *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982). Where the question of law raised "refers to standardized conduct of the defendant towards members of the proposed class, commonality is usually met." *Curtis v. Commissioner, Maine Dept. of Human Servs.*, 159 F.R.D. 339, 341 (D. Me. 1994). Likewise, where, as here, plaintiffs seek class-wide injunctive and declaratory relief, the very nature of the relief "often present[s] common questions satisfying Rule 23(a)(2)." 7A Wright, Miller, & Kane, Federal Practice & Procedure § 1763 at 201. Thus, class actions that seek injunctive and declaratory relief against system-wide government policies usually satisfy commonality. See, e.g., *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 60 (3d Cir. 1994); *United States v. Davis*, 756 F. Supp. 1162, 1168 (E.D. Wis. 1991).

Here, the plaintiffs challenge the defendant's practice of requiring tenants to supply third party verification of income for purposes of recertification. Plaintiffs allege that this practice violates the U.S. Housing Act 42 U.S.C. §§ 1437f(k) and 1437f(o)(5)(B); 24 C.F.R. § 982.516 and HUD policy as set forth in HUD Notice 2004-01. Both named plaintiffs had their subsidies terminated for their "failure" to timely

provide third party income verification as part of the recertification process. The effect of the defendant's failure to comply with HUD policy and federal law upon putative members is that they have been and/or will be required to undertake verification responsibilities that the defendant is obligated to perform, upon pain of subsidy termination. There is no doubt that there are questions of both law and fact that are common to the class for purposes of Rule 23 (a)(2).

    3.    <u>The claims of the representative parties are typical of the claims of each of the classes.</u>

The third prerequisite to class certification under Rule 23(a) is that the representatives' claims for relief be typical of the claims of the unnamed class members. Fed. R. Civ P. 23(a)(3). Typicality requires that the class representatives generally "possess the same interests and suffer the same injury" as the unnamed members and not that the named plaintiffs present identical claims. *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (citation omitted); <u>accord</u> *Modell v. Eliot Savings Bank*, 139 F.R.D. 17, 22 (D. Mass. 1991). Factual differences amongst class members' particular needs or conditions are not a bar to satisfying typicality as long as the legal theories upon which the members rely are sufficiently similar. <u>See</u>, *Doe v. Chiles*, 136 F.3d 709 (11th Cir. 1998) (certifying class despite a variety of services to which the class members were entitled through community based waiver programs); *Guckenberger v. Boston University*, 957 F. Supp. 306, 326 (D. Mass. 1997) (certifying class of learning disabled students challenging school's special needs program even though students had different disabilities requiring different accommodations).

The typicality requirement, like commonality, has been liberally construed by the courts. See, e.g., *Griffin v. Burns*, 570 F.2d 1065, 1073 (1st Cir. 1978) (finding that, even if class members were not all aggrieved by the contested voting practice, typicality does not require such precision); *Neff v. VIA Metro. Trans. Auth.*, 179 F.R.D. 185, 194 (W.D. Tex. 1998); *In re Bank of Boston Corp. Securities Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991) ("[T]o be considered typical, a named class member need not show 'substantial identity' between his claims and those of the absent class members."). In challenges to government policies, typicality is satisfied as long as the named plaintiffs are affected by the same statute or regulation as the putative class members. See, *Baby Neal ex rel. Kanter*, 43 F.3d at 56 (finding typicality satisfied in challenge to extension of food stamp disqualification period); *Curtis*, 159 F.R.D. at 340; *Goodnight v. Shalala*, 837 F. Supp. 1564, 1583 (D. Utah 1993) (finding typicality satisfied in challenge to denial of disability benefits).

These standards are met in the instant case. There is no adversity between the representatives and the class members. To the contrary, their interests are united. All will benefit from the requested relief. *Kaminski v. Shawmut Credit Union*, 416 F. Supp. 1119, 1123 (D. Mass. 1976). Furthermore, as discussed above, the claims of the members of each of the classes rest upon the same legal ground.

    4.    <u>Class Representatives Fairly and Adequately Represent the Interests Of the Class</u>

The last prerequisite under Rule 23(a) is a requirement that the representative plaintiffs fairly and adequately represent the class. Fed. R. Civ. P. 23(a)(4). This requirement has two criteria: (1) that the attorneys representing the class are

qualified and competent; and (2) that class representatives do not have antagonistic or conflicting interest with the unnamed class members. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *In re Bank of Boston Corp. Securities Litig.*, 762 F. Supp. at 1534. Counsel for the class clearly have the skills, experience, and resources to adequately represent the interests of the class. Western Mass. Legal Services is state funded to provide civil legal assistance to low-income persons. Attorneys for WMLS are experienced in class action litigation. The named attorneys also have experience in representing persons who have had Section 8 subsidies terminated by the subsidizing agency. The named plaintiffs' attorneys will vigorously prosecute the action on behalf of the named plaintiffs and the class. Plaintiffs' counsel believe that their resources are adequate to represent the class competently and that they have no other professional commitments which are antagonistic to, or would detract from, their efforts to seek a favorable decision for the class in this case.

      The class representatives do not have antagonistic or conflicting interests with the unnamed class members. The named plaintiffs have both been subjected to the defendant's illegal verification practices and suffered substantial injury, the termination of their Section 8 subsidy, as a result. Now that their subsidies have been reinstated, they remain at risk of being subjected to the same practices at their next scheduled recertification. The named plaintiffs and members of the proposed class seek the same result: to prohibit the SHA from requiring tenants to supply third party verification that the SHA is required to obtain on its own. The named plaintiffs will fully and adequately represent the interests of the class. The named plaintiffs are therefore adequate

representatives for purposes of Fed. R. Civ. P. Rule 23(a)(4).

### B. The Action is Maintainable Under Rule 23 (b).

Once the plaintiffs have met the prerequisites of Rule 23(a), they need only satisfy one criterion under Rule 23(b). Plaintiffs rely on subsection (2), asserting that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b). Rule 23(b)(2) has been found "uniquely suited to civil rights actions." *Yaffe*, 45 F.2d at 1366. Where injunctive relief is appropriate with respect to the whole class, certification is proper. See, *Dionne v. Bouley*, 757 F.2d 1344, 1356 (1st Cir. 1985). Thus, where the plaintiffs allege a "class-wide discrimination claim [that] is susceptible to a single proof and subject to a single injunctive remedy," the case is appropriate for Rule 23(b)(2) certification. 6A Fed. Proc., L. Ed. § 12:192 (citing *Senter v. General Motors Corp.*, 532 F.2d 511 (3d Cir. 1976)).

In this case, the plaintiffs seek injunctive relief to remedy class-wide conduct by the defendants. Here, uniform determination of the common issues is highly desirable. At stake is the legality of the SHA's policy and practice of requiring tenants to provide third party verification of income and then terminating the subsidies of those tenants who do not or do not timely provide such third party verification. The relief sought is essentially injunctive: a prospective injunction, declaratory relief, and an injunction ordering restoration of illegally terminated subsidies. The proposed class is a plaintiff class, and there will be obvious expense to class members, the SHA and the court, if the identical issue must be re-litigated in numerous courts across the Commonwealth

As such, the plaintiffs' claims are susceptible to a single proof and subject to a single injunctive remedy. Thus, class certification is appropriate under Rule 23(b)(2).

### C. This Motion Should Relate Back to the Date the Class Motion Was Filed in the Removed State Court Action

Plaintiffs filed their motion for class certification in the Western Division of the Housing Court on May 16, 2005. On May 20, 2005, in response to the plaintiffs' motion for preliminary relief and in lieu of a court hearing and decision on that motion, the defendant stipulated to reinstate the individual plaintiffs' Section 8 subsidies, retroactive to the date of their termination. On May 27, 2005, the defendant removed this action to federal court. Pursuant to 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The intent of this provision is to "to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court. In this respect two basic purposes are served. Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 435-36 (1974). While this Court has requested that plaintiffs refile their motion for class certification, any rights that may be protected by the state court filing

11

date[4] should not be allowed to lapse due the Court's procedural request for refilling.

### III. CONCLUSION

For all of the foregoing reasons, the plaintiffs respectfully request that the Court order that this action shall be maintained as a class action and that the requested class be certified.

Dated: June 29, 2005

Plaintiffs
By their attorneys,

s/ J. Paterson Rae_____
J. Paterson Rae
BBO# 410520
Verna Cristina Sánchez
BBO # 600834
Jennifer Dieringer
BBO # 63987
Attorneys for the Plaintiffs
Western Mass. Legal Services
127 State St., 4th Floor
Springfield, MA 01103
(413)781-7814
Fax: (413) 746-3221

---

[4] Plaintiffs seek this relation back to avoid any potential mootness argument that might be raised regarding the class representatives due to defendant's action in reinstating the plaintiffs' subsidies in response to plaintiffs' motion for a preliminary injunction. Plaintiffs maintain that their claims would not be moot, both because the reinstatement was undertaken to avoid a court decision on the preliminary injunction and, without court oversight, defendants would be free to reinstitute the prior termination, and because, as reinstated Section 8 participants, plaintiffs are now subject to regular recertifications where they remain subject to the same allegedly illegal practices. Nevertheless, by having the class motion relate back, any potential mootness issue is eliminated. *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991); *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 399 - 403 (1980).