UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30126 MAP

RAMONITA ORTIZ and
KRYSTIN PASSARELL, on behalf of
Themselves and all others similarly
situated,

          Plaintiffs

v.

SPRINGFIELD HOUSING AUTHORITY,

          Defendant

STIPULATION OF DISMISSAL

The parties in the above-captioned case stipulate to a dismissal of all claims in this case pursuant to the following terms and conditions:

1. Defendant Springfield Housing Authority acknowledges that its Section 8 practice of terminating subsidies of tenants for their failure to provide or timely provide third party income verification when it is SHA's legal obligation to seek that verification was incorrect.

2. Defendant Springfield Housing Authority attests that it has reviewed all Section 8 terminations from March 2004 to the present, a total of six hundred and twenty eight files excluding the named plaintiffs, whose Section 8 subsidies have already been reinstated.

3. Of that number, ten terminations were found to fall within the definition of the class defined in plaintiffs' complaint.

4. Defendant has identified and contacted, or attempted to contact all ten persons whose Section 8 subsidies had been improperly terminated.

5. Of those ten identified, eight have responded to SHA's notifications and have either had their subsidies reinstated or are in the process of having their subsidies reinstated. Of the remaining two, to date both have failed to respond to the SHA's notification.

6. The parties agree that the two persons who have not responded shall be allowed ninety days from the date of this agreement to respond and that if they do, they will be entitled to have their eligibility for Section 8 determined retroactively to their date of termination under the new verification procedures. At the expiration of ninety days, their entitlement to a redetermination of their Section 8 eligibility pursuant to the terms of this agreement will expire.

7. The defendant agrees to review within ninety days of the date of this agreement all closing codes employed by the Section 8 office and within that timeframe notify plaintiffs' counsel of any proposed changes to ensure that subsidy terminations are properly classified. Plaintiffs shall have thirty days from the date they receive notice of any proposed changes or from the expiration of the ninety-day period if no changes are proposed to comment on the proposed or then existing codes and suggest changes.

8. As part of the effort to ensure that current and future Section 8 recertification practices conform to proper legal procedures, the defendant has undertaken corrective steps including the provision of training to all Section 8 staff on rent calculation and a training in July of this year on third party verification.

9. The defendant also agrees that a corrective action plan, which includes monitoring of Section 8 practices, will be adopted by SHA to ensure compliance with proper procedures.

10. The corrective action plan will include but not be limited to: a) monthly reports to SHA's Board of Directors, for the next six months from the date of this agreement, by the Section 8 office on all terminations of subsidies for that month; b) new termination codes will be instituted in the Section 8 office; c) there will be periodic training of Section 8 employees; d) for the next six months the Section 8 office will maintain a monthly log of terminations closed with specific closing codes, i.e., those terminations codes relating to verification and "other". Copies of the monthly reports and the monthly log will be provided to plaintiffs' counsel.

11. If, at any time during the six month period, plaintiffs' review of the monthly report raises or identifies concerns regarding terminations, plaintiffs will notify the SHA and attempt to resolve these concerns. If plaintiffs need to obtain client-specific information regarding any of the individuals identified in the reports or logs in order to determine whether a problem exists or has been resolved, plaintiffs may move for a court order asking that SHA provide relevant client specific information from the files of those individuals.

12. In the event that plaintiffs identify a problem with respect to any of the terms and conditions of this agreement and are not able to resolve it through consultation and discussion with the SHA, plaintiffs shall be entitled to move this court for enforcement of the terms of this agreement. However, if no such motion has been

filed within seven months from the date of this agreement, the parties agree that this case will be dismissed without further action by the parties.

DATED:

_____
WMLS
Counsel for Plaintiffs

_____
SHA
Counsel for Defendant

SO ORDERED:

_____
Judge Michael A. Ponsor

filed within seven months from the date of this agreement, the parties agree that this case will be dismissed without further action by the parties.

DATED:

_____
WMLS
Counsel for Plaintiffs

_____
SHA
Counsel for Defendant

SO ORDERED:

10·18·05

_____
Judge Michael A. Ponsor